306 So.2d 67 (1974)
Percy SIMMONS
v.
Delmus DIXON.
No. 9977.
Court of Appeal of Louisiana, First Circuit.
November 12, 1974.
*68 Delos R. Johnson, Jr., and James D. Johnson, Jr., Franklinton, for appellant.
Donald H. Lee, Bogalusa, for appellee.
Before LANDRY, BLANCHE and NEHRBASS, JJ.
NEHRBASS, Judge.
This is a boundary action instituted on July 26, 1962, by Percy Simmons against Delmus D. Dixon. From an adverse judgment of the trial court, defendant has appealed.
A detailed narration of the events in this long pending litigation is necessary for a clear understanding of the issues before us. Plaintiff instituted this action on July 26, 1962, and a judgment was entered in favor of defendant on July 6, 1964, from which judgment plaintiff perfected an appeal. On appeal this court reversed the judgment of the lower court and remanded the case for the purpose of having a survey run, fixing the boundary and the filing of a proper proces verbal together with a map showing the boundary as determined by the surveyor. Simmons v. Dixon, 174 So.2d 138 (La.App. 1st Cir. 1965).
Subsequent to the remand to the trial court, plaintiff rules both defendant and the court appointed surveyor, R. R. Porter, into court to show cause why the survey and proces verbal should not be completed as directed by this court. The rule was set for June 7, 1965, but was not heard by the trial court for the record had not been returned from this court.
*69 On December 10, 1965, pursuant to a joint motion submitted by the parties, the court ordered the surveyor, R. R. Porter, to complete the survey fixing the boundary between plaintiff and defendant's land, and further ordering him to file a proces verbal into the record. Mr. Porter did not do this and on joint motion of the parties filed on September 9, 1966, Mr. Porter was ordered to show cause on October 20, 1966, why he should not be compelled to comply with the court order of December 10, 1965. The rule came to be heard as scheduled but was continued indefinitely by order of the court. The minutes of the court do not reflect the reason for this continuance, but it is suggested by counsel for plaintiff that it was due to the terminal illness of the then presiding Judge Richardson. This case was reassigned some time subsequent to Judge Richardson's death.
It is undisputed that no further formal steps in the prosecution or defense of this action were taken by either party subsequent to September 9, 1966. On December 17, 1971, on ex parte motion of defendant, the trial court entered an order dismissing this action for want of prosecution pursuant to LSA-C.C.P. Art. 561.
On June 1, 1972, on ex parte motion of plaintiff, the trial court recalled its dismissal order of December 17, 1971. A "pretrial" conference was held on June 26, 1972, at which conference the court took the case under advisement and ordered plaintiff to prepare a judgment. On May 18, 1973, the appointed surveyor, R. R. Porter, filed a letter and a map into the records which purported to establish the boundary between plaintiff and defendant's property. On June 1, 1973, without benefit of a hearing, judgment was entered fixing the boundary between plaintiff and defendant's property.
Defendant has taken an appeal from this judgment, specifying that the trial court erred in recalling its previous order of dismissal for want of prosecution and in fixing the boundary between the property of the parties without a hearing. Defendant also challenged the sufficiency of the land surveyor's purported proces verbal.
The judgment of dismissal of December 17, 1971 recites: "It is ordered that further proceedings be barred or dismissed at plaintiff's cost." The judgment would not dismiss plaintiff's suit "with prejudice", therefore, the dismissal must have been entered "without prejudice."
LSA-C.C.P. Art. 561 provides for the automatic dismissal of an action in which no prosecution has been had for a period of five years. It also recites that upon ex parte application of the defendant, a final order of dismissal may be entered. Article 561 is silent as to whether the dismissal shall be with or without prejudice.
In DeSalvo v. Waguespack, 187 So.2d 489 (La.App. 4th Cir. 1966), it was held that when an action is dismissed for procedural insufficiency and not on the merits, it should normally be dismissed without prejudice to its renewal because, in such circumstances, no adjudication on the merits has taken place. See also Hollier v. Broussard, 220 So.2d 175 (La.App. 3rd Cir. 1969). Also pertinent are the provisions of LSA-C.C.P. Art. 1673, which states:
"A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action."
The Official Comment under Article 1673, above, notes:
"A judgment of dismissal with prejudice is not a definitive judgment, but merely a final judgment and subject to the rules governing such judgments. See Arts. 1841 and 1842, infra. A case dismissed without prejudice can be reinstituted; the judgment rendered therein is neither final nor definitive."
It appears, therefore, that an ex parte order of dismissal is not a final, but *70 rather an interlocutory judgment or order. LSA-C.C.P. Art. 1841 recites:
"A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
"A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment."
Since a judgment of dismissal does not determine the merits of the controversy, it is clearly an interlocutory judgment. Interlocutory judgments may not be appealed in the absence of a showing of irreparable injury. See LSA-C.C.P. Art. 2083.
In view of the foregoing, it seems that plaintiff had no right to appeal from the order which dismissed plaintiff's action on defendant's ex parte application, first, because the judgment was interlocutory, and secondly, because the effects of such dismissal, according to the jurisprudence, do not produce irreparable injury.
The jurisprudence is to the effect that where there is a dismissal on an ex parte motion of a defendant, the plaintiff's remedy is to institute a contradictory hearing to set aside the dismissal. The cases also hold that if the dismissal is maintained after trial of plaintiff's contradictory motion or rule to show cause, plaintiff's remedy is then by appeal from the judgment which refused to set aside the dismissal after a contradictory hearing.
The Official Comment to LSA-C.C.P. Art. 561 reads as follows:
"When the court dismisses a suit on the ex parte motion of defendant and plaintiff's failure to prosecute is due to circumstances beyond his control, plaintiff should rule defendant into court to show cause why the ex parte dismissal should not be vacated, alleging that plaintiff's failure to prosecute was due to circumstances beyond his control."
The jurisprudence holds that in instances of this nature, the merits of the judgment of dismissal must be decided contradictorily. It was expressly so held in the early case of Lacroix v. Bangs, 19 La.Ann. 88, Zatarain v. Portera, 63 So.2d 477 (La. App.Orleans) held that in a situation of this nature, plaintiff's proper procedure is to appeal from an adverse judgment on plaintiff's rule to show cause why the ex parte dismissal should not be recalled or vacated. Marchand v. Gene Thorpe Finance, Inc., 225 So.2d 485 (La.App. 4th Cir. 1969) likewise held that the proper procedure to traverse an ex parte motion of dismissal is by contradictory motion followed by an appeal from a judgment on the motion maintaining the ex parte order of dismissal after contradictory hearing.
We hold that the action of the trial court was erroneous in setting aside its order of dismissal on plaintiff's ex parte order. Therefore, all proceedings had in the trial court subsequent to the granting of the order of dismissal are null and void.
The plaintiff's remedy is to file a contradictory proceeding to test the validity of the dismissal. We also noted the absence of a proces verbal which, in our opinion, would have prevented the court from effectively granting judgment in a boundary action. See Simmons v. Dixon Supra, Brooks v. Jones, 286 So.2d 368 (La.App. 2nd Cir. 1973) and the expressed provisions of LSA-C.C. Arts. 833-834.
For the foregoing reasons the judgment of the trial court is recalled, the order of dismissal is hereby reversed, and the judgment on the merits fixing the boundary is also reversed and this matter is remanded for proceedings not inconsistent with this opinion.
All costs of court incurred subsequent to the rendition of the judgment shall be borne by plaintiff and all other costs to be borne by defendant.
Reversed and remanded.