CULPEPPER, Judge.
This appeal concerns an ex parte judgment dismissing plaintiff’s suit as against the defendant, Nolan Abshire, on the grounds of abandonment for lack of prosecution for five years, as provided in LSA-C. C.P. Article 561.
On June 17,1971, plaintiff instituted this action for the collection of a promissory note in the principal sum of $841, executed on August 13, 1969 by the defendants, Bertha Holland and Nolan Abshire. At that time, service of process was made only upon the defendant, Bertha Holland. On September 2, 1975, the suit was restored to the active docket and a preliminary default was entered against both defendants, although Nolan Abshire had not been served.
The next step in prosecution of the action was taken on March 9, 1978, when the case was again restored to the court’s active docket and a preliminary default entered against the “defendants.” On March 20, 1978, a confirmation judgment was signed in favor of the plaintiff and against Bertha Holland only.
On March 29, 1978, appellee, Nolan Ab-shire, was served for the first time with a *732 copy of the original petition. On April 13, 1978, the trial court, on a motion by defendant Abshire, signed an order dismissing plaintiffs suit against Abshire nunc pro tunc as of June 17, 1976 on the grounds of abandonment for lack of prosecution for five years. Notice of the judgment of dismissal was personally served on plaintiff’s counsel of record on April 18, 1978.
On June 30, 1978, plaintiff filed a “Rule To Vacate” the judgment dismissing the suit against Abshire. This rule was set for hearing on August 24,1978. Plaintiff made no appearance, so the court recalled the rule.
The attorney for the plaintiff then filed a motion for a rehearing of his rule on the grounds that he had not received notice of the date of the hearing. The court granted a rehearing, giving plaintiff an additional opportunity to urge his rule. On rehearing, defendant excepted to plaintiff’s rule to vacate on the grounds it was an improper use of summary proceedings and also on the grounds that, considered either as a motion for a new trial or as a motion for a devolu-tive appeal, it was too late to prevent the judgment from becoming final.
On December 6, 1978, the district court heard both plaintiff’s “Rule To Vacate” and defendant’s exceptions to that rule. In oral reasons, the trial judge stated that even liberally construing plaintiff’s Rule To Vacate as a motion for a new trial or a motion for appeal, the delays for both procedures had expired and the judgment was final. Additionally, the trial judge stated that on the merits the judgment of April 13, 1978 dismissing as abandoned the suit against Abshire was correct. Judgment dismissing the “Rule To Vacate” was signed December 15, 1978.
Plaintiff’s motion and order for appeal states that it is from the judgment of December 6, 1978 (should be December 15, 1978) denying plaintiff’s “Rule To Vacate” the judgment of dismissal. Plaintiff did not appeal from the judgment of April 13, 1978 dismissing plaintiff’s suit against Ab-shire.
This appeal must be decided against the plaintiff on the grounds that the appeal is only from the judgment of December 15, 1978 denying plaintiff’s rule to vacate, and that judgment was correct. The judgment of dismissal was signed on April 13, 1978, and notice of the judgment was personally served on plaintiff’s counsel of record on April 18, 1978. The rule to vacate was not filed until June 30,1978. If considered as a motion for a new trial, the rule was not timely filed within the delays provided by LSA-C.C.P. Article 1974. If considered as a motion for a devolutive appeal, the motion was not timely filed within the delays provided by LSA-C.C.P. Article 2087. Thus, the rule to vacate the final judgment of April 13,1978 was properly denied on the basis that there was no timely application for a new trial nor motion for appeal from that judgment. The judgment therefore became final.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff.
AFFIRMED.