Lear, Judge.
Plaintiff, Percy Simmons[1], instituted this suit in the court below seeking to have the boundaries between two adjoining estates judicially determined. The action was originally filed in 1962 and, in its quest for finality, is before us for the third time.[2]
The properties in question are located in Washington Parish and owned by the heirs of Percy Simmons (plaintiff-appellee) and Delmus Dixon (defendant-appellant).
This third appeal challenges the regularity of the proceedings below on two grounds: (1) That the trial court failed to follow the mandate of the appellate court’s remand ordering a contradictory hearing on the motion to dismiss and (2) that the trial court failed to conduct a contradictory hearing on the fixing of the boundary.
A review of the record shows that the judgment entered below is an interlocutory one, in that it merely sets aside a dismissal and orders the surveyor to file his process verbal into the record. There is no indication on the face of the judgment that a *109 final determination was made on the merits. The boundary dispute remains unresolved by the court below, and it, therefore, appears that further testimony may be admissible.
Thus, as the judgment below is not a final judgment nor an interlocutory judgment causing irreparable injury, we have no jurisdiction to review and, therefore, the appeal is dismissed. Appellant is to pay all costs of these proceedings.
APPEAL DISMISSED.

. Plaintiff died December 18,1975, and his widow was duly authorized to substitute as admin-istratrix of his estate.

. In Simmons v. Dixon, 174 So.2d 138 (La.App.1965), this court found that the surveyor had not followed the prescribed rules for conducting a judicial survey and, therefore, reversed and remanded. After remand, the district court considered, granted, and then set aside by ex parte order its previous judgment of dismissal granted in favor of defendant. On appeal, we reversed and remanded, holding that the trial judge should have conducted a hearing thereon. 306 So.2d 67 (La.App.1974).