514 So.2d 489 (1987)
Loy SCARBOROUGH & Hess Curry & the American Bank and Trust Company of Monroe, Plaintiffs-Appellees,
v.
John A. DUKE, Defendant-Appellant.
No. 87-725.
Court of Appeal of Louisiana, Third Circuit.
August 18, 1987.
Charles J. Schrader, Houma, Patrick L. Durusau, Jena, for defendant-appellant.
Norman Magee, Ferriday, James A. Hobbs, West Monroe, Chet D. Traylor, Winnsobor, Iriving Ward-Steinman, Alexandria, James E. Wright, Jr., Bienvenu & Culver, P.A. Bienvenu, New Orleans, for plaintiffs-appellees.
Before STOKER, DOUCET and KNOLL, JJ.
STOKER, Judge.

MOTION TO DISMISS
The plaintiffs-appellees, Loy Scarborough, Hess Curry, and the American Bank and Trust Company in Monroe, move to dismiss the appeal of John A. Duke, defendant-appellant, on the grounds no appeal lies from a dismissal of a suit for lack of prosecution under LSA-C.C.P. Art. 561.
The plaintiffs filed suit on December 14, 1970. The appellant answered and subsequently filed a reconventional demand on March 11, 1971. After the defendants in reconvention filed exceptions, the court set the exceptions for hearing on May 11, 1971, but evidently no hearing took place.
The defendant filed a voluntary petition in Bankruptcy Court in the United States District Court for the Eastern District of Louisiana in July of 1973.
No further proceedings occurred in the state court case until Mr. Duke filed an amended Third Party Demand on May 21, 1979.
The plaintiffs filed a motion to dismiss due to abandonment on July 2, 1979. The trial court issued Reasons for Judgment on January 18, 1980 and ordered the defendant's reconventional demand dismissed.
On December 18, 1985, the defendant, John Duke, motioned the trial court to compel the entry of a judgment, in order that Mr. Duke may pursue post-trial remedies. On January 26, 1987, the trial court signed a formal judgment ordering that the defendant's reconventional demand be dismissed.
The defendant then applied to this Court for relief in the form of a devolutive appeal. The motion and order for appeal was signed by the trial court on March 30, 1987. On August 5, 1987, the appellees filed the instant motion to dismiss.
The mover relies on Simmons v. Dixon, 306 So.2d 67 (La.App. 1st Cir.1974), for the proposition that no appeal lies from the *490 judgment dismissing this reconventional demand. Our brethren of the First Circuit reasoned that since the judgment does not determine the merits of the controversy, it is an interlocutory judgment that causes no irreparable injury. Simmons supra at 70. The Court remanded the case back to the trial court in order for a contradictory hearing to be held in the trial court concerning the entering of the ex parte judgment of dismissal for want of prosecution. LSA-C. C.P. Art. 561. While we agree with the ultimate disposition of the court in Simmons supra, we cannot concur with our Brethren in their reasoning, and in particular their classification of the judgment as interlocutory.
The jurisprudence has held that the remedy available to a party suffering such an ex parte dismissal is to motion the trial court to conduct a hearing on a rule to show cause why the judgment of dismissal should not be vacated and set aside. After an adverse judgment is rendered on the rule to show cause, the trial court thus affirming the dismissal, the party suffering dismissal is then to appeal the judgment of the rule to show cause. Simmons supra at 70, Delesdernier v. Gene Thorpe Finance, Inc., 225 So.2d 485 (La.App. 4th Cir.) writ denied, 254 La. 848, 227 So.2d 592 (1969).
In the case sub judice an ex parte dismissal was not granted as in the two above cited cases, even though the movers assert such. The trial court's minute entry clearly states that a contradictory hearing was held on December 18, 1979 on the matter, and counsel for the defendant, Mr. Duke, was present. The trial court allowed both sides to submit memoranda on the motion to dismiss and took the matter under advisement. Thus, the remedy spoken of in Simmons supra, and Delesdernier supra, has already been taken advantage of by the appellant-defendant. Any remand, with orders to conduct a contradictory hearing, would be duplicating the trial court's effort and time. The matter has been determined by the trial court and no remand is necessary.
The appellees also argue that the appeal comes too late in this matter, and cites Motors Ins. Corp. v. Holland, 374 So.2d 731 (La.App. 3rd Cir.1979). The appellees' argument is based on the assumption that the January 18, 1980 ruling was a final judgment. That ruling, however, is clearly entitled "REASONS FOR JUDGMENT", and lacks an order from the trial court. The jurisprudence clearly holds that written reasons are not a substitute for a final judgment. LSA-C.C.P. Art. 1918, Bordelon v. Dauzat, 389 So.2d 820 (La. App. 3rd Cir.1980). First Homestead Federal Savings and Loan Association v. Henry, 479 So.2d 644 (La.App. 1st Cir. 1985). The final judgment in this matter was signed on January 26, 1987, after the defendant filed his motion to compel entry of judgment, on December 18, 1985. The motion and order for a devolutive appeal was filed on March 25, 1987. LSA-C.C.P. Art. 2087 provides:
ART. 2087. DELAY FOR TAKING DEVOLUTIVE APPEAL
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
*491 As March 25, 1987 is sixty days within the expiration of the delay for applying for a new trial, as provided by LSA-C.C.P. Art. 1974, LSA-C.C.P. Art. 2087(1), the appeal has been timely filed. This disposition is fully in accord with this Circuit's decision in Motors Ins. Corp. supra.
For the foregoing reasons, the plaintiffs'-appellees' motion to dismiss is denied at their cost.
MOTION DENIED.