618 So.2d 475 (1993)
Earl Joseph PICONE
v.
Bernard LYONS, et al.
No. 92-CA-2149.
Court of Appeal of Louisiana, Fourth Circuit.
April 28, 1993.
*476 Samanie, Barnes & Allen, Herbert W. Barnes, Kentley R. Fairchild, Houma, for plaintiff-appellant Earl Joseph Picone.
Deutsch, Kerrigan & Stiles, A. Wendel Stout, III, Marc J. Yellin, William C. Harrison, Jr., New Orleans, for defendants-appellees O.M. Gautreaux, Victor Hicks, W.L. Rose, Jr., Richard Ford and C.B. Hakenjos.
Before KLEES, WARD and LANDRIEU, JJ.
KLEES, Judge.
Plaintiff appeals from the trial court's order dismissing his action for want of prosecution.
On September 28, 1976, plaintiff filed this negligence action against fifty-three executive officers alleging that he had contracted silicosis while working as a sandblaster for sixteen different companies from 1963 to 1974. Defendants O.M. Gautreaux, Victor Hicks, C.B. Hakenjos, W.L. Rose, Jr. and Richard J. Ford [hereinafter referred to as "the Gautreaux defendants"] were named as corporate executive officers of Williams-McWilliams Company, Inc., one of plaintiff's former employers. On March 18, 1992, Williams-McWilliams filed an ex parte motion to dismiss the action for want of prosecution. This motion erroneously represents Williams-McWilliams as a "defendant" to the action, even though the record discloses that Williams-McWilliams was never made a party to the suit.[1] The order accompanying this motion, which states merely that the plaintiff's action is dismissed for want of prosecution, was signed by the trial judge on March 24, 1992.
On June 2, 1992, the Gautreaux defendants filed a similar ex parte motion to dismiss on the same grounds, and the trial judge signed on the same day the accompanying order dismissing the action "as to [the Gautreaux defendants]". On July 14th, the trial judge signed the plaintiff's petition to appeal the June 2nd order, which appeal we now consider.
One day after the appeal petition was granted, plaintiff filed in the trial court a motion to vacate the March 24th and June 2nd orders of dismissal. On July 20th, the trial judge signed an order setting a hearing on the motion to vacate for October 2, 1992. Nothing further appears in the record. However, defendants have attached to their brief a copy of the trial court's October 9, 1992 judgment reaffirming both orders of dismissal "with prejudice." This judgment was issued as a result of the contradictory hearing held on October 2nd. Defendants have also attached to their brief a copy of the trial court's order granting plaintiff an appeal of the October 9th judgment.
*477 The first issue we face in considering the instant appeal is whether the June 2nd order is a final, appealable judgment. Louisiana Code of Civil Procedure article 2083 states that an appeal may be taken from "a final judgment ... whether rendered after hearing or by default" or from an "interlocutory judgment which may cause irreparable injury." In Simmons v. Dixon, 306 So.2d 67 (La.App. 1st Cir.1974), the court held that an ex parte order of dismissal for want of prosecution is not a final judgment, but rather is an interlocutory judgment which may not be appealed in the absence of a showing of irreparable injury. The court also held that a judgment of dismissal for abandonment under Code of Civil Procedure article 561, which does not state whether the dismissal is with or without prejudice, shall be considered to be without prejudice. Id. at 69. Such a judgment does not determine the merits of the controversy; neither does it produce irreparable injury. Id. at 70. The Simmons court stated that the plaintiff's remedy in such a case is to file a contradictory proceeding to test the validity of the judgment. Id. at 70.[2] According to the jurisprudence, a judgment of dismissal for abandonment which is rendered after a contradictory hearing is a final judgment. Scarborough v. Duke, 514 So.2d 489 (La.App. 3d Cir.1987); Marchand v. Gene Thorpe Finance, Inc., 225 So.2d 485 (La.App. 4th Cir.1969).
Based upon the law and jurisprudence, we conclude that the trial court's ex parte judgment of June 2, 1992 is a dismissal without prejudice and as such, is an interlocutory judgment which is not appealable because there has been no showing of irreparable injury. We have therefore resolved to dismiss the appeal.
Under other circumstances, we would remand this case to the trial court to afford plaintiff a contradictory hearing on the merits of the dismissal. See Simmons v. Dixon, supra. It is apparent, however, that such a contradictory hearing has already been held. Defendants contend that the October hearing and the judgment resulting therefrom are without effect because the trial court was divested of all jurisdiction on July 14th when it granted the petition for appeal from the June judgment. See La.C.C.P. art. 2088; Halley v. Guerriero, 577 So.2d 781 (La.App. 2d Cir. 1991). This issue is not before us. We cannot decide now whether the trial court had jurisdiction to issue a judgment which does not appear in this record. However, if it should be determined in the course of considering a subsequent appeal that the trial court lacked jurisdiction to issue the judgment appealed from, this court will of course have the option of remanding the case at that time.
Accordingly, for the reasons stated, this appeal is dismissed.
DISMISSED.
NOTES
[1] Under Louisiana Code of Civil Procedure article 561, the trial court may enter a formal order of dismissal on account of abandonment upon the ex parte motion of any party or other interested person.
[2] Similarly, in Vernor v. Drexel Homes, Inc., 311 So.2d 493 (La.App. 4th Cir.1975), we held that an order denying defendant's motion to dismiss plaintiff's action on grounds of abandonment is not a final appealable judgment.