653 So.2d 1375 (1995)
Earl Joseph PICONE
v.
Bernard LYONS, Virgil Carson, Joseph Wending, et al.
No. 94-CA-2428.
Court of Appeal of Louisiana, Fourth Circuit.
April 26, 1995.
Rehearing Denied May 19, 1995.
*1376 A. Wendel Stout, III, Marc J. Yellin and William C. Harrison, Jr., Deutsch, Kerrigan & Stiles, New Orleans, for defendants-appellees.
Michael J. Samanie, Herbert W. Barnes, Jr. and Kentley R. Fairchild, Samanie, Barnes & Allen, Houma, for plaintiff-appellant.
Before BYRNES, PLOTKIN and JONES, JJ.
BYRNES, Judge.
Plaintiff-appellant, Earl Joseph Picone, appeals a judgment dismissing his claim as abandoned pursuant to LSA-C.C.P. art. 561. We affirm.
Earl Joseph Picone was a journeyman sandblaster who on September 28, 1976, filed a claim for damages alleging the contraction of silicosis as a result of occupational exposure to silica dust from 1963 to 1974. During this 11 year period, Picone alleges that he was employed by as many as 16 different companies. However, he did not name any of these companies as defendants. Instead, he brought this action against 53 executive officers of those companies.
Defendants O.M. Gautreaux, Victor Hicks, C.B. Hakenjos, W.L. Rose, Jr. and Richard J. Ford (hereafter collectively referred to as "Gautreaux"), were named as the corporate executive officers of Williams-McWilliams Co., Inc., one of Picone's many employers. Among other defendants were Peter Kiewitt, R.D. Wilson, R.R. Clark and D.E. Baker (hereafter collectively referred to as "Kiewitt").
Judgment was rendered on September 12, 1994 dismissing plaintiff's claim with prejudice for want of prosecution pursuant to LSA-C.C.P. art. 561. Plaintiff appeals.
I. NO "STEPS" WERE TAKEN IN THE PROSECUTION OF THIS SUIT FOR OVER FIVE YEARS.
Gautreaux filed a third party demand against Employers Liability Insurance Corp., Ltd. and others on July 26, 1977. On May 1, 1986, Gautreaux filed a motion to dismiss the third party demand with prejudice. On September 14, 1986, Employers filed a motion to substitute counsel. On December 11, 1986, Fidelity filed a notice of change of address of counsel. On March 11, 1988, Picone filed a motion to substitute counsel. On October 10, 1990 Picone filed interrogatories and a request for production of documents to Employers. Employers had not been a party to the litigation for four years.
On March 24, 1992 an order of dismissal for abandonment was granted ex parte under LSA-C.C.P. art. 561 on the motion of Williams-McWilliams Co., Inc. dismissing plaintiff's claim without limitation. On motion of Gautreaux on June 2, 1992 an order of dismissal for abandonment was entered, but it stated that it was only as to *1377 Gautreaux. We must assume that this was done out of an excess of caution as the March 24, 1992 order should have been effective as to the entire litigation, including the Gautreaux defendants. Just as a "step" by any party within the five year period prevents abandonment as to all defendants including those not solidarily liable, Rollins v. Causey, 427 So.2d 1291 (La.App. 2 Cir.1983), when no "step" is taken the abandonment is effective as to all defendants. No formal order is necessary. LSA-C.C.P. art. 561. Therefore, it is not necessary for each party to obtain his or her own order of dismissal, and any such order of dismissal should not be limited to the parties presenting the order.
Apparently an order of dismissal was entered as to Kiewitt on July 2, 1992 that presumably tracks the Gautreaux order. It is referred to in briefs and in judgments of the lower court, but a copy does not appear in the record. It is not necessary to the disposition of this matter.
Picone does not contest the chronological sequence of events. Instead he argues that the interrogatories and request for production of documents he filed on a non-party constituted a step in the prosecution of this matter. Highlands Ins. Co. v. City of Lafayette, 453 So.2d 608 (La.App. 3 Cir. 1984), writ denied, 458 So.2d 119 (La.1984) and Gibson v. Valentine Sugars, Inc., 485 So.2d 620 (La.App. 4 Cir.1986), writ denied, 489 So.2d 920 (La.1986). We disagree. Those cases are inapposite. In Highlands the interrogatories were directed to a party. LSA-C.C.P. art. 1457. In Gibson the request for production of documents was directed to a party. LSA-C.C.P. art. 1461. There is no reference in the Code of Civil Procedure to interrogatories and requests for production of documents directed to non-parties. The lower court was correct in ruling that they do not constitute a "step" in the prosecution of the case.
Plaintiffs contend that even if their actions failed to constitute a "step" in the prosecution of his claim, their intention was to take a "step" in the prosecution of their claim.
Plaintiffs argue that their intention should be the controlling factor, not the nature of the "step" they took. We disagree. Although plaintiffs cite cases referring to intention, in none of those cases was intention found to be sufficient in the absence of a "step." LSA-C.C.P. art. 561 specifically requires that the parties take a "step." No reference is made to "intent." While it may be within the bounds of reasonable judicial interpretation to read "intent" into Article 561 by inference, there is no basis for reading out the clear language which specifically requires a step. Intention without a "step" is insufficient.
Cases such as Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4 Cir.1976), writ denied, 341 So.2d 420 (La.1977), are not persuasive. In Kanuk the plaintiffs filed a motion to fix the case for trial on the merits. Such a motion is a well recognized "step." In Kanuk the court found that the failure of the plaintiffs to sign the motion as required would not be fatal under LSA-C.C.P. art. 561. Kanuk and similar cases stand for the proposition that where a "step" is taken with a demonstrable intention of moving the case to trial, a defect of form may be overlooked under certain circumstances. However, in all such cases a "step" must be taken.
The record shows that the only other actions taken in the period from May 1, 1986 until March 24, 1992 were two motions to substitute counsel, including one by Picone, and a notice of change of address of counsel. These do not constitute steps in the prosecution of the case. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983). Therefore, the motion to dismiss the third party demand filed by Gautreaux on May 1, 1986 is the last action that could arguably be called a "step."
Picone has never disputed the fact that the previously described actions were the only ones taken. That no steps have been taken in the prosecution of this litigation by any party for a period of over five years is apparent from the face of the record.

PLAINTIFF'S CLAIM HAS BEEN DISMISSED WITH PREJUDICE
It is uncontested that on July 14, 1992, plaintiff appealed only the Gautreaux dismissal *1378 of June 2, 1992. On July 15, 1992, plaintiff filed a motion to vacate the Gautreaux dismissal of June 2, 1992 and the Williams-McWilliams dismissal of March 24, 1992. A contradictory hearing was held on this motion on October 2, 1992. Pursuant thereto, on October 7, 1992 the trial court rendered a judgment of dismissal with prejudice reaffirming the previous dismissals of March 24, 1992, June 2, 1992 and July 2, 1992. On April 28, 1993 this Court dismissed plaintiff's appeal of the June 2 dismissal, but stated that the question of whether the trial court had jurisdiction to render the judgment of October 7 was not properly before this Court at that time. Picone v. Lyons, 618 So.2d 475 (La.App. 4 Cir.1993).
On October 12, 1992 plaintiff was granted an appeal of the October 7 judgment, but we find no record of it having been docketed or pursued. We consider that appeal to have been abandoned.
Plaintiff waited for over one year after this Court rendered its decision in Picone to file another motion to vacate the ex parte judgment of June 2, 1992. This motion to came too late. Ex parte dismissals are not appealable. Plaintiff must seek relief by motion to vacate. Picone v. Lyons, 618 So.2d 475 (La.App. 4 Cir.1993); and Simmons v. Dixon, 306 So.2d 67 (La.App. 1 Cir.1974). Such a motion must be brought within a reasonable time. By way of analogy, anything more than the delay allowed for a devolutive appeal would be unreasonable. Regardless, for reasons set forth hereafter, the judgment of June 2, 1992 has no bearing on the outcome of this case.
The judgment of September 12, 1994 that forms the basis of this appeal refers to and cannot be properly evaluated without consideration of the judgment of March 24, 1992. The judgment of March 24, 1992 was a blanket dismissal of the entire suit at the request of Williams-McWilliams Co., Inc. Although Williams-McWilliams Co., Inc. referred to itself as a defendant in its motion to dismiss, it was not a party to the suit. Instead it should be considered an "interested person" under LSA-C.C.P. art. 561 with standing to bring the motion. Therefore, the judgment of October 7, 1992, if valid, reaffirming the judgment of March 24, 1992 effectively dismissed the entire case with prejudice.
Plaintiff argues that the judgment of October 7, 1992 which reaffirms the judgments of March 24, 1992, June 2, 1992 and July 2, 1992 is null because the trial court had no jurisdiction pending plaintiff's appeal in Picone. This Court made it clear in Picone that that appeal was limited to the judgment of June 2, 1992. That the portion of the judgment of October 7, 1992 relating to the judgment of June 2, 1992 may be null does not nullify that portion of the judgment reaffirming the judgment of March 24, 1992 and dismissing the entire suit with prejudice. As plaintiff has failed to seek timely relief from the judgment of October 7, 1992, this entire litigation was dismissed with prejudice as of that date. (There is no merit to plaintiff's contention that the trial court lacked the authority to dismiss his claim with prejudice.)
Therefore, the trial court had no further jurisdiction after that date to conduct the proceedings that resulted in the judgment of September 12, 1994 which is the subject of this appeal. Technically we could exercise the same restraint that we did the last time this case was appealed to this Court in Picone and limit our decree to one annulling the judgment of September 12, 1992 which is the only one that is the subject of this appeal. However, as the proper final disposition of this case is apparent from the face of the record; as we are mindful of the authority conferred upon this Court by LSA-C.C.P. art. 2164 to render any judgment which is just, legal, and proper upon the record on appeal; and as it is in the interest of judicial economy and the best interest of all the parties to put an end to years of fruitless procedural entanglements that can delay but cannot change the inevitable result of a case that is now over twenty years old; therefore, we render judgment annulling the *1379 judgment of September 12, 1994[1], but affirming the judgment of October 7, 1992[2] insofar as it reaffirmed the judgment of March 24, 1992 and dismissed plaintiff's suit in its entirety with prejudice.
DISMISSAL OF PLAINTIFF'S SUIT WITH PREJUDICE AFFIRMED
NOTES
[1] By annulling this judgment we render moot plaintiff's complaint that he received no notice of the hearing upon which the judgment was based.
[2] Technically this judgment does not appear to be a part of this record. However, copies of it have been attached by both parties to various briefs and memoranda. Its authenticity and contents are disputed by no one.