807 So.2d 1032 (2002)
Cynthia and Charles REED Individually and on Behalf of their Minor Children
v.
Mayer FINKLESTEIN and XYZ Insurance Company.
No. 2001-CA-1015.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 2002.
Rehearing Denied January 30, 2002.
David W. Bernberg, New Orleans, LA, Counsel for Plaintiff/Appellee.
T. Gregory Schafer, Schafer & Schafer, New Orleans, LA, Counsel for Defendant/Appellant.
Court Composed of Chief Judge WILLIAM H. BYRNES, III, Judge PATRICIA RIVET MURRAY, and Judge MAX N. TOBIAS, Jr.
TOBIAS, Judge.
Defendant/Appellant, Mayer Finklestein ("Finklestein"), appeals the trial court's *1033 denial of his motion to dismiss pursuant to La. C.C.P. art. 561 relative to abandonment.
On 27 August 1993, Cynthia and Charles Reed, individually and on behalf of their minor children (collectively, "the Reeds"), initiated the instant action to recover damages due to the alleged legal malpractice by Finklestein. Discovery ensued, and on 4 June 1997, the Reeds filed a motion for summary judgment. Apparently, the Reeds' motion was set for hearing in the wrong division of court; therefore, on 27 July 1997, the Reeds moved to reset their summary judgment in the proper division. The hearing of the motion was reset for 22 August 1997; however, the defendant filed a motion to continue the hearing on 13 August 1997, asking that the matter be reset to the court's next available rule date due to a conflict. Over the Reeds' objection, the hearing was rescheduled for 26 September 1997. Wendell Armant, the Reeds' attorney, was served with the motion to continue, as is evidenced by a sheriff's return. However, the record is devoid of any evidence that a hearing on the motion for summary judgment ever took place. Almost three years later, on 3 August 2000, David Bernberg filed a motion to enroll as counsel of record for the Reeds. Later, on 25 August 2000, the Reeds' new counsel filed a motion to set for trial on the merits. A trial date was set for 9 January 2001. Due to a conflict, on 13 October 2000, Finklestein moved to continue the trial. The court granted the motion to continue and reset the trial for 8 May 2001.
On 19 January 2001, defendant filed a motion to dismiss pursuant to La. C.C.P. art. 561, asserting that the Reeds' lawsuit should be dismissed as abandoned because none of the parties had taken any steps in the prosecution or defense of the matter from 29 July 1997 to 25 August 2000. The Reeds opposed the motion. Following a hearing, the trial court denied the motion to dismiss and rendered judgment on 12 March 2001. No reasons for judgment appear of record. Pursuant to a request by counsel for Finklestein, the judgment was designated as a final judgment and the court found no just reason for delay. Finklestein timely filed a petition for a devolutive appeal.
As a preliminary matter, we note that the denial of a Motion to Dismiss for Abandonment is not a final appealable judgment. Rather, it is an interlocutory judgment because it determines a preliminary matter and not the merits of the action. As such, the judgment denying Finklestein's motion to dismiss is only appealable if it may cause irreparable injury. Clearly, the trial court's ruling will not cause Finklestein irreparable injury, since his alleged right to dismissal can be adequately reviewed at the time of an appeal from the final judgment which ultimately determines the merits of the case. See Vernor v. Drexel Homes, Inc., 311 So.2d 493 (La.App. 4 Cir.1975). Nevertheless, the trial judge designated that its judgment was final and that there was no just reason for delay, and the Reeds have not objected to our review. We note that Finklestein did file his request for a devolutive appeal within the time delays allowed for the taking of a writ. We stated in Mangin v. Auter, 360 So.2d 577 (La.App. 4th Cir. 1978), that when the overruling of an exception is arguably incorrect and a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs be decided in an attempt to avoid the waste of time and expense of a possibly useless future trial on the merits. The denial of a motion to dismiss for abandonment is sufficiently similar to the overruling of an exception *1034 for our reasoning in Mangin to apply to this matter. Therefore, instead of dismissing this appeal on jurisdictional grounds, we exercise our broad supervisory powers and review the trial court's ruling. La. C.C.P. art. 2164. The record is already before us, and the interests of justice are best served by considering the matter now. Thus, we convert the appeal to an application for supervisory writs of review. We grant the supervisory writ in order to consider the matter at this time.
Code of Civil Procedure article 561, entitled "Abandonment in trial and appellate court" provides, in pertinent part, as follows:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
* * * *
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from the date of service to move to set aside the dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
In his sole assignment of error, Finklestein claims that the trial court erred in finding that steps had been taken in the prosecution or defense of this matter between 29 July 1997 and 25 August 2000, thus precluding a determination that this case had been abandoned.
Finklestein asserts that the Reeds' 29 July 1997 filing of their motion to reset the hearing on their motion for summary judgment was the last step taken in the prosecution or defense of this matter until the Reeds' 25 August 2000 motion to set this case for trial. Accordingly, he submits that the Reeds' suit had already been abandoned at the time they moved to have it set for trial.
Finklestein admits that he filed a motion to continue the 22 August 1997 hearing on the Reeds' motion for summary judgment on 13 August 1997, and that the hearing was reset for 26 September 1997. Citing Oliver v. Oliver, 95-1026 (La.App. 3 Cir. 3/27/96), 671 So.2d 1081, Finklestein contends that a motion to continue a hearing is not a step in the prosecution or defense of a case. Nevertheless, he claims that even assuming arguendo that his motion to continue did constitute a step in the prosecution, there would still be a three-year period from 13 August 1997 to 25 August 2000 during which no steps were taken in the prosecution or defense of this matter.
In addition, Finklestein claims that the fact that the Reeds' motion for summary judgment was set on 26 September 1997 is of no moment because the record is completely devoid of any evidence that the hearing ever took place. As a result, he submits that this court must disregard the September 1997 date.
Finally, citing Varnado v. Gentilly Medical Clinic for Women, 98-0264 (La. App. 4 Cir. 12/23/98), 728 So.2d 479, Finklestein states that David Bernberg's 3 August 2000 motion to enroll as plaintiff's counsel of record cannot be viewed as a step in the prosecution of the suit. Consequently, he submits that the trial court *1035 committed error in denying his motion to dismiss for abandonment.
The Reeds do not challenge Finklestein's argument that a motion to enroll as counsel is not a step in the prosecution. They do assert, without citing any authority, that "[o]bviously, a motion to dismiss a case on the grounds of abandonment must be strictly construed and any ambiguities or any factual errors must be interpreted in favor of the party that will be prejudiced by the abandonment dismissal." In that light, the Reeds seem to suggest that the burden is on Finklestein to prove that no hearing took place on 26 September 1997, and that his mere suggestion to both the trial court and this court that no hearing took place, without any evidence, is insufficient.
The Reeds also claim that the original trial court record was misplaced and that a duplicate record has been reconstructed, but that the duplicate record is incomplete and is missing certain documents. For example, all parties complain that the record lacks evidence that the motion to continue was served on counsel for the Reeds. Based on that reasoning, the Reeds suggest that minutes from a 26 September 1997 hearing may have existed and that Finklestein should have sought to obtain a transcript of the trial court's minutes from that date.
Finally, the Reeds argue that regardless of whether their motion for summary judgment was in fact heard on 26 September 1997, it was clearly the intent of Finklestein's counsel to have the matter heard on that date and thus that date should be considered as a step in the prosecution.
It is obvious that the Reeds wanted their motion for summary judgment heard for they opposed Finklestein's motion to continue. The trial court granted the motion to continue and reset the hearing for 26 September 1997. It is apparent that the intent of all parties was for the matter to proceed forward to a resolution of the issues presented in the motion for summary judgment. In the absence of anything in the record before us to show that the parties did not intend to proceed forward on 26 September 1997, we conclude that the motion to set for trial on the merits filed on 25 August 2000 was filed within three years of "any step" taken in prosecution or defense of the case. The parties intended to hasten the suit to judgment. It is of no moment that the record before us fails to reflect what action if any the trial court took on 26 September 1997, for the intent of the parties as reflected by the record was to proceed on that date.
We do not find that Oliver v. Oliver, supra, supports Finklestein's position. In Oliver, the parties filed a joint motion to continue without date a motion for new trial. Implicit in the motion was that both parties intended that neither party wanted to hasten to judgment the issue of whether or not a new trial should be granted. In contrast, the case at bar manifests the clear intent of the parties to hasten to judgment the motion for summary judgment. The Reeds manifested their intent by filing the motion for summary judgment and opposing the continuation of the hearing date. Finklestein manifested his intent by filing the motion to continue to a date certain; the trial court set the date certain as 26 September 1997.
Article 561 is not to be used to dismiss cases where a party has clearly demonstrated that it does not intend to abandon the action. Article 561 is not designed to dismiss actions on mere technicalities, but is intended to dismiss only those actions that, in fact, have been abandoned. See Viesel v. Republic Ins. Co., 95-0244 (La.App. 4 Cir.1995), 665 So.2d 1221.
A step was taken in the prosecution or defense of this matter between 29 July *1036 1997 and 25 August 2000, to-wit, the scheduling of the hearing on 26 September 1997. Accordingly, the trial court correctly denied Finklestein's motion to dismiss for abandonment, and we affirm the ruling of the trial court.
APPEAL CONVERTED TO A WRIT; WRIT GRANTED; JUDGMENT AFFIRMED.
BYRNES, J., dissents with reasons.
BYRNES, J., dissenting with reasons:
I respectfully dissent.
Under La. C.C.P. art. 561,[1] the article governing abandonment of suits, is not punitive, but balances two equally sound, competing policy considerations. In Clark v. State Farm Mut. Auto. Ins. Co., XXXX-XXXX (La.5/15/01), 785 So.2d 779, 787, the Louisiana Supreme Court stated:
Abandonment is not a punitive concept; rather, it [is] a balancing concept. Abandonment balances two equally sound, competing policy considerations: "on the one hand, the desire to see every litigant have his day in court, and not to lose same by some technical carelessness or unavoidable delay; on the other hand, the legislative purpose that suits, once filed, should not indefinitely linger, preserving stale claims from normal extinguishing operation of prescription." Sanders, 92 So.2d at 159. The latter policy consideration parallels those served by prescriptive statutespromoting legal finality, barring stale claims, and preventing prejudice to defendants. Gary v. Camden Fire Insurance Co., 96-0055 (La.7/2/96), 676 So.2d 553. More precisely, the latter prescriptive purpose on which abandonment is based promotes "the legislative intent and judicial policy of finality, requiring that suits not be permitted to linger indefinitely, that the legal process be expedited where possible, and that abandoned cases be removed from crowded dockets." 1 Judge Steven R. Plotkin, West Practice Group: Louisiana Civil Procedure 359 (2001). Given the balancing function served by abandonment, "Louisiana's jurisprudence tends to be inconsistent; no bright lines exist." Id. (emphasis supplied.)
The article of abandonment is to be liberally construed in favor of maintaining a plaintiffs suit. Clark, supra, 785 So.2d at 785. Abandonment is not meant to dismiss actions that in fact clearly have not been abandoned. Id. at 786. The Louisiana Supreme Court stated that La. C.C.P. art. 5051 provides that: "[t]he articles of *1037 this Code are to construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." Id. at 792.
To avoid abandonment of a suit, the contesting party must show that: (1) there was a step in the prosecution or defense of the suit; (2) a step was taken in the trial court; and (3) the step was taken within the time limit of the last previous step. Manale v. Executive Healthcare Recruiters, Inc., 98-2652 (La.App. 4 Cir. 11/18/99), 747 So.2d 1200, writ not considered XXXX-XXXX (La.2/18/00), 754 So.2d 957. Generally, any action taken by a party that is alleged to be a step in the prosecution or defense of a suit must appear in the court record. Lewis v. City of New Orleans, 99-0795 (La.App. 4 Cir. 11/17/99), 748 So.2d 522. Generally, a party takes a step in the prosecution or defense of a suit when he takes formal action, before the court on the record, intended to hasten the matter to judgment. Bridges v. Wilcoxon, 34,660 (La.App. 2 Cir. 5/9/01), 786 So.2d 264.
In Clark, supra, the Louisiana Supreme Court held that without being in the record, the defendant-insurer's unconditional tender was a step that was sufficient to waive abandonment.

AFFIDAVITS Only Required for Ex Parte Motion to Dismiss
In Wilson v. Koenig, 99 2979 (La.App. 1 Cir. 3/31/00), 764 So.2d 1025, the failure of the hospital to file an affidavit in support of its ex parte motion for dismissal stating that no step had been taken for a period of three years in the prosecution or defense of an action for medical malpractice precluded the dismissal on the ground of abandonment.
In the present case, the record does not show that an affidavit was filed that declares that part of the record is missing. The record does not reveal that either party filed an affidavit that says that a hearing on the motion for summary judgment was held on September 26, 1997. Nothing shows that Finklestein filed an affidavit stating that no step had been taken for a period of three years in the prosecution or defense of an action. However, Wilson, id, is inapposite. In the present case, it is undisputed that the dismissal was ordered pursuant to a hearing in open court as distinguished from Wilson where the dismissal was ordered pursuant to an ex parte motion. The affidavit requirement of La. C.C.P. art. 561 A(2) applies only to ex parte motions.

A Step Sufficient to Waive Abandonment
Examples of conduct by the parties that have been held sufficient to waive abandonment include "agreeing to a trial setting, submitting the case for decision, seeking security for costs, or provoking or responding to discovery." Clark, supra, 785 So.2d at 795, fn. 15, citing 1 Frank L. Maraist & Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 10.4 at 244 (1999). In Clark, the Louisiana Supreme Court held that the insurer's unconditional tender of benefits was an "acknowledgement" and thus a waiver of the right to assert abandonment. Therefore, the acknowledgement recommenced the three-year abandonment period. The Louisiana Supreme Court stated:
If the defendant's conduct in this case was simply informal settlement negotiations,... then the waiver exception would not apply, and the general rule requiring formal action would apply [footnote 18 omitted]. This case, however, presents an entirely different factual scenario: an unconditional tender.
* * *
A tender made to satisfy the requirements of La.Rev.Stat. 22:658(A)(1) must be unconditional, i.e., with "no strings attached," and thus, by definition, cannot *1038 be a settlement offer. The court of appeal's characterization of the tender as part of informal negotiations was thus erroneous.

Id., 785 So.2d at 791.
The Louisiana Supreme Court noted that off-the-record settlement negotiations do not constitute a step sufficient to waive abandonment. The fact that the unconditional tender is considered a step puts it in the same category as formal discovery such as the taking of a deposition which is deemed to be a step in the prosecution or defense of an action with or without formal notice being filed into the record. The off-the-record unconditional tender is an exception just as a deposition is as exception in that they are steps taken sufficient to waive abandonment even if they were not filed into the record.
In Oliver v. Oliver, 95-1026 (La.App. 3 Cir. 3/27/96), 671 So.2d 1081, the Third Circuit found that by its very nature, the motion for continuance was not intended to hasten the matter to judgment and thus did not constitute a step in prosecuting action.
In the present case the majority opinion distinguishes Oliver where the parties filed a joint motion to continue without date a motion for new trial. Implicit in the motion for new trial was that both parties intended that neither party wanted to hasten to judgment the decision of whether a new trial should be granted. The majority opinion found that by filing a motion for summary judgment, and then by opposing the continuance, the plaintiffs, the Reeds, in the present case manifested their intent to hasten to judgment. The majority opinion states that the defendant, Finklestein, manifested his intent to hasten to judgment by filing a motion to continue to a date certain, which was set by the trial court on September 26, 1997. However, the plaintiffs intention to take a step in the prosecution of her claim without a step actually being taken was insufficient in Picone v. Lyons, 94-2428 (La.App. 4 Cir. 4/26/95), 653 So.2d 1375, writ denied, 95-1506 (La.9/29/95), 660 So.2d 852.
In Picone, this Court stated:
Plaintiffs contend that even if their actions failed to constitute a "step" in the prosecution of his claim, their intention was to take a "step" in the prosecution of their claim. Plaintiffs argue that their intention should be the controlling factor, not the nature of the "step" they took. We disagree. Although plaintiffs cite cases referring to intention, in none of those cases was intention found to be sufficient in the absence of a "step." LSA-C.C.P. art. 561 specifically requires that the parties take a "step." No reference is made to "intent." While it may be within the bounds of reasonable judicial interpretation to read "intent" into Article 561 by inference, there is no basis for reading out the clear language which specifically requires a step. Intention without a "step" is insufficient.
Cases such as Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4 Cir.1976), writ denied, 341 So.2d 420 (La.1977), are not persuasive. In Kanuk the plaintiffs filed a motion to fix the case for trial on the merits. Such a motion is a well recognized "step." In Kanuk the court found that the failure of the plaintiffs to sign the motion as required would not be fatal under LSA-C.C.P. art. 561. Kanuk and similar cases stand for the proposition that where a "step" is taken with a demonstrable intention of moving the case to trial, a defect of form may be overlooked under certain circumstances. However, in all such cases a "step" must be taken.
The record shows that the only other actions taken in the period from May 1, 1986 until March 24, 1992 were two motions *1039 to substitute counsel, including one by Picone, and a notice of change of address of counsel. These do not constitute steps in the prosecution of the case. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983). Therefore, the motion to dismiss the third party demand filed by Gautreaux on May 1, 1986 is the last action that could arguably be called a "step."
Picone has never disputed the fact that the previously described actions were the only ones taken. That no steps have been taken in the prosecution of this litigation by any party for a period of over five years is apparent from the face of the record. [Emphasis added.]

Id., 653 So.2d at 1377.
In Clark, supra, the Louisiana Supreme Court did not declare that it was unnecessary that a step be taken in the prosecution or defense of an action. It found that the unconditional surrender was a step sufficient to acknowledge or waive abandonment although it was not placed on the record.
In Gallagher v. Cook, 34,158 (La.App. 2 Cir. 12/15/00), 775 So.2d 79, the Second Circuit found that correspondence filed in the record evidencing the parties' willingness to participate in mediation neither served to interrupt the tolling of the three-year abandonment period nor relieved the patient of his obligation to take a step, on the record, to hasten an asserted medical malpractice action to judgment, although the parties may have attempted to schedule a time and place for mediation; however, such a mediation never occurred.
In the present case the defendant, Finklestein, asked for a continuance on August 13, 1997. The trial court set a hearing on the plaintiffs' motion for summary judgment for September 26, 1997. If the hearing were held, it would have been a step that interrupted, acknowledged, and waived the three-year time period of abandonment. However, if the hearing were not held, there was no step, and the action would be deemed to be abandoned. The abandonment of an action by the absence of any step in its prosecution or defense for three years is self-executing; it occurs automatically upon the passing of three years without a step being taken by either party and is effective without court order. Clark, supra, 785 So.2d at 784.

Burden of Proof
The dispositive issue in this case is who has the burden of proof.
The majority opinion notes that the plaintiffs, the Reeds, seem to suggest that the defendant, Finklestein, has the burden of proof to show that no hearing took place on September 26, 1997. The plaintiffs assert that:
... A review of the record from the court below, in fact, reveals that the original record had been misplaced and a photocopy duplicate has been reconstructed. This copy is not complete and is missing certain documents. For example, a return of service on defendants, rescheduling this hearing, does not appear in the record, although it is attached as an exhibit in plaintiff's brief in the court a quo and clearly exists, proof of which is attached hereto and marked Exhibit 1.
The plaintiffs also state that:
Defendants/appellants suggest that this hearing [on the motion for summary judgment] did not take place, but has not sought to seek the transcript for the court on that day or put forth any contradicting evidence. Obviously, a motion to dismiss a case on the grounds of abandonment must be strictly construed and any ambiguities or any factual errors must be interpreted in favor of the party that will be prejudiced by the abandonment dismissal.
*1040 Where the record is silent, the burden is on the party opposing dismissal to show that the silence arises out of a defect or an omission from the record rather than a failure to act. Therefore, if it were the position of the plaintiff that an action took place in connection with the motion for summary judgment, originally fixed for September 26, 1997, which action does not show from the face of the record, it is incumbent on that party to supplement the record or otherwise demonstrate and establish that the action took place in spite of the lack of documentation in the record before us. It is not impossible for a step in the prosecution or defense of the case to take place, without it showing on the face of the record. Clark, id. But in the case of abandonment, considering that the lack of a step in the proceedings is self-executing, where the alleged step in the prosecution of the case does not show on the face of the record, the burden is on the party asserting that such a step has occurred to prove it.
Further, in Clark, id., 785 So.2d at 786, the Louisiana Supreme Court noted that: "The presumption of abandonment that arises under Article 561 as a result of three years of litigation inactivity, however, is not conclusive." Although it is not conclusive, a presumption exists, which places the burden on the party asserting that a step has been taken, to prove it.
The parties do not dispute that nothing in the record in the present case shows that the hearing on the motion for summary judgment took place on September 26, 1997. Where no activity appears on the face of the record, the plaintiffs have the burden of proof that the presumption of inactivity has been waived. The plaintiffs have the burden of showing that there was a step that was sufficient to waive abandonment.

Circumstances Beyond Plaintiff's Control
In Coe v. State Health Care Authority, 32,635 (La.App. 2 Cir. 2/1/00), 751 So.2d 432, the Second Circuit noted that the jurisprudence recognizes two exceptions to the rule of abandonment: (1) when the failure to prosecute or defend was caused by circumstances beyond the control of the party urging the action has not been abandoned; and (2) when the party who is asserting abandonment has waived his right to so plead by taking an action in the case inconsistent with an intent to treat the case as abandoned. See also Clark, supra. Neither of the above two exceptions applies in the present case. The plaintiffs, the parties urging that the action has not been abandoned, have not shown that circumstances existed beyond their control that prevented them from taking a step. Nor have the plaintiffs shown that the defendant, Finklestein, took any action inconsistent with his claim of abandonment.
Under the above first exception, the plaintiff must show that the hearing was not held because of circumstances beyond his control. In Bean Contracting Co. and Through C.F. Bean Corp. v. McNamara, 555 So.2d 644 (La.App. 4 Cir.1989), this Court also found that the circumstances beyond the plaintiffs control consisted of the facts that the transcript and record were unobtainable. This Court held that an action disputing the assessment of income tax on the sale of two vessels was beyond the tax payer's control and should not have been dismissed for lack of prosecution where no record was ever lodged with the district court because a fire destroyed tapes of a hearing, and no transcript could be prepared. In that case, a witness testified on behalf of the plaintiff. It was not disputed that the record of the proceedings before the Board of Tax Appeals were destroyed by fire, and thus *1041 were never forwarded to the district court by the secretary-clerk of the board. In that case, the parties did not dispute that the proceedings occurred. The plaintiff alleged that the destruction of the record, a circumstance beyond its control, prevented the plaintiff from taking a step. The present case is very different from Bean. In the present case, the parties dispute that the September 26, 1997 hearing took place. More importantly, the plaintiffs presented no proof or argument that any alleged defect in the record prevented the plaintiffs from taking a step in the prosecution.
It is incumbent upon the parties claiming waiver of the right to claim abandonment to show that a "step" (in the present case, the summary judgment hearing) occurred or to show documentation was unobtainable because of circumstances beyond their control. In the present case, the plaintiffs, the Reeds, have not shown that the documentation was unobtainable under circumstances beyond the plaintiffs' control. There is no showing that the plaintiffs requested the transcript of the September 26, 1977 hearing, the minutes or other documentation to show that the hearing was held. The fact that the plaintiffs claim that it was Finklestein's burden to obtain the transcript of the minutes, demonstrates that the plaintiffs also did not obtain the documentation.
The appealing party, Finklestein, did not provide a copy of the transcript of the hearing on his motion to dismiss held just prior to the March 12, 2001 judgment denying dismissal of the action. However, the plaintiffs, the Reeds, do not allege that the motion to dismiss hearing established that the prior September 26, 1997 hearing on the motion for summary judgment took place. Further, the plaintiffs do not complain that they are in anyway prejudiced by the omission from the record of a transcript of the hearing on the motion to dismiss.
The plaintiffs attached a copy of a disposition of service printed on July 13, 2001 that provides service on August 22, 1997 and service on August 28, 1997. Actions of the process server in carrying out service and filing the service return in the trial court are not "steps in prosecution." Freedlander, Inc., The Mortg. People v. Certain, 623 So.2d 677 (La.App. 4 Cir. 1993). In Freedlander, 623 So.2d at 680, fn. 1, this Court noted: "Although requests for service are considered steps in prosecution, the subsequent actions of the process server in carrying out service and filing the service return in the trial court are not considered steps in prosecution. Seligman v. G.A. Scott & Bro., 17 La.App. 486, 134 So. 771 (2d Cir.1931)." The step must be taken by a party in the prosecution or defense of the action.
Further, any argument or attachments in briefs cannot be considered as evidence. Arceneaux v. Arceneaux, 98-1178 (La. App. 4 Cir. 3/17/99), 733 So.2d 86, writ denied, 99-0518 (La.4/9/99), 740 So.2d 633, and writ not considered, 99-1351 (La.6/25/99), 745 So.2d 624. The Reeds' brief and attachment cannot be considered as evidence in the present case. The return of service attached to plaintiffs' brief is not considered to support a waiver of inactivity. It is incumbent upon the plaintiffs, having the burden of proof in claiming waiver of abandonment, to provide the transcript, minutes, testimony or other documentation of any hearing that would prove that a step was taken.
Although a certain step possibly may be taken off of the record, as seen in Clark, supra, the plaintiffs, the Reeds, did not carry their burden of proof by failing to show that a step was taken that waived abandonment during the three-year period. The record provides no proof that a *1042 step was taken in the period from August 13, 1997, the date of Finklestein's motion to continue, until August 25, 2000, when the Reeds filed a motion to set a trial on the merits.
Accordingly, I would grant the defendant, Finklestein's writ application, reverse the ruling of the trial court, and grant Finklestein's motion to dismiss.
NOTES
[1] LA. C.C.P. art. 561 provides:

A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened.
(b) In which an administrator or executor has been appointed.
(c) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.
C. An appeal is abandoned when the parties fail to take any step in its prosecution or disposition for the period provided in the rules of the appellate court.