731 So.2d 1033 (1999)
John CHAMBERLAIN and Howard Moreaux
v.
BELLE OF ORLEANS, et al.
No. 98-CA-1740.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1999.
Writ Denied June 25, 1999.
*1034 Brian C. Bossier, Elise F. Buie, Metairie, Louisiana, Lolis E. Elie, New Orleans, Louisiana, Attorney for the Defendant/Appellant.
Joseph A. Race, New Orleans, Louisiana, Attorney for the Plaintiffs/Appellees.
Court composed of Chief Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES, III, and Judge CHARLES R. JONES.
JONES, Judge.
Defendant/appellant, Belle of Orleans, L.L.C. (Belle), appeals the ruling of the trial court certifying the plaintiffs as a class under the provision of LSA-C.C.P. art. 591 et seq. Defendant contends that the plaintiffs should not have been certified as a class because each of plaintiffs' causes of action were contingent upon individual facts and circumstances. Hence, the Belle argues that individual issues will predominate over common issues of fact. For the reasons assigned below, we affirm the trial court's ruling certifying the plaintiffs as a class.

FACTS
The plaintiffs, who are residents of South Shore Harbor, filed suit against the Belle alleging that the Belle of Orleans riverboat emitted noise in excess of 65 decibels as mandated by the City Code for the City of New Orleans.
South Shore Harbor is comprised of a row of boat houses perpendicular to the shore at its western end, eight open piers to the east of the boat houses, and a large commercial pier at the eastern end. The Belle's casino vessel, the Belle of Orleans, is berthed at the eastern end of the commercial pier. The open piers, which are numbered one (1) through eight (8) from West to East, each have between thirty-nine (39) and sixty-four (64) boat slips that are leased to various yacht owners. The plaintiffs in this action represent a number of individuals who dock their boats and other entertainment vessels at the South Shore Marina.
From July 1995 to March 1997, plaintiffs delivered approximately twenty-nine complaint letters to the Belle, claiming that the Belle of Orleans discharged continuous and excessive sounds that reached levels of up to 80 decibels, in violation of New Orleans Code articles IV § 66-203(7). Section 66-203(7) specifies that at no time may any machinery, fans, or air conditioners within the corporate limits of Orleans Parish produce sounds in excess of 65 decibels ten (10) percent of the time, or in excess of 75 decibels at any time.
In response to the plaintiffs' complaint letters, the Orleans Levee District (OLD) contracted with Coastal Engineering and Environmental Consultants, Inc. (Coastal) to investigate the matter. In September 1995, Coastal submitted a report to OLD entitled a "Noise Impact Analysis" in which Coastal found that the noise levels at various locations in the marina were above the allowable decibel level. The report also identified the primary source of noise from the vesselthe two rooftop exhaust ports of the Belle of Orleans.
Plaintiffs' claim that despite their repeated complaints, the Belle took no action to rectify the problem. Therefore, on August 20, 1996, the plaintiffs filed a "Consolidated Class Action Complaint" against the Belle requesting compensatory damages, attorney fees, pre-judgment and post-judgment interest, and injunctive relief for breaching the implied warranty of peaceful possession of the tenant agreement with the marina. The lawsuit was premised on the Belle's violation of LSA-C.C. arts. 667 and 668. Subsequently, the plaintiffs filed *1035 a motion entitled "Motion for Class Certification" with an attached memorandum pursuant to LSA-C.C.P. art. 591 et seq. In this motion, the plaintiffs claimed that all of the prerequisites for class certification had been met (i.e., numerosity, commonality, typicality, and adequate representation).
Defendants filed an opposition to the plaintiffs' motion, arguing that class certification would not promote equity of claims, given the fact that each plaintiff would have to specify a different set of facts to establish their cause of action. Moreover, the Belle argued that even if the trial court were to determine that the Belle of Orleans exceeded the decibel limit set forth by City Ordinance § 66-203(7), the ordinance does not provide an award of damages to the plaintiffs.
Prior to the trial court's ruling on the motion for certification, the Belle filed a motion for summary judgment on the issue of monetary awards for breach of the city ordinance. The trial court granted the motion for summary judgment as to prospective relief (i.e., injunctive relief), but denied the motion with respect to monetary damages. The court then scheduled a hearing on the motion for class certification for February 6, 1998. Following oral arguments, the trial court, by judgment dated March 16, 1998, ordered that the plaintiffs in this action be certified as a class. From this ruling the Belle appeals.

DISCUSSION
The sole issue upon review is whether the plaintiffs adequately demonstrated to the trial court that they satisfied the prerequisites needed to certify their claim as a class action. The defendant argues that the trial court erred in ordering a class certification because the facts surrounding each plaintiffs cause of action are uniquely different. We disagree.
A trial court has great discretion in determining whether an action should be certified as a class. Adams v. CSX Railroads, 615 So.2d 476, 481 (La.App. 4 Cir. 1993). The trial court must be afforded wide latitude when making factual and policy determinations as to the appropriateness of a class. Id.; see also Lewis v. Texaco Exploration Prod. Co., 96-1458 (La.App. 4 Cir. 7/30/97), 698 So.2d 1001, 1011. Therefore, "[a]bsent manifest error, the decision of the trial court must be affirmed." Adams, 615 So.2d at 481.
"A fundamental objective of the class action device is the achievement of economies of time, effort, and expenses." State v. Wilson, 657 So.2d 549 (La.App. 4 Cir.1995); (citing McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612 (La.1984)). However, before an action can be classified as a class action, all of the prerequisites of class certification must be met. The prerequisites for the institution of a class action are numerosity, commonality, typicality, and adequate representation. See LSA-C.C.P. art. 591 and 592; see also Lailhengue v. Mobil Oil Co., 94-2114, 94-2115, 94-2116, (La.App. 4 Cir. 6/7/95) 657 So.2d 542. There being no dispute as to the elements of numerosity or adequate representation, we turn our focus to determine whether the character of the rights sought to be enforced is common to all members of the class.
The phrase "common character" requires more than just a showing that there are questions of law and fact common to the class. See Adams, 615 So.2d at 482. There must also be a showing that a common character exists among the rights of the representatives of the class and the rights of the absent class members. Lewis v. Texaco Exploration Prod. Co., 96-1458 (La.App. 4 Cir. 7/30/97), 698 So.2d 1001, 1013. [The commonality] requirement restricts the class action to those cases in which it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. Id.
*1036 The class at issue in the case sub judice was solidified within the first five months of the disturbance, between June and November 1995. During this period, no repairs had been done on the Belle of Orleans and every resident of the Marina was exposed to constant noise levels in excess of 65 decibels. Once the damage has occurred and the class solidified, the tortfeasor cannot thereafter escape liability by correcting the problem with respect to some members of the class, and then claiming that damages as to those class members have ceased. Therefore, the class action petition should state claims and defenses that apply to all parties. Furthermore, common questions of law and fact on the issue of the defendant's liability are present in this case.
Although appellants rely on the Supreme Court's decision in Ford v. Murphy Oil U.S.A., Inc., 703 So.2d 542 (La.9/9/97), we believe the present case is distinguishable. In Ford, area residents brought suit against four petrochemical plants claiming physical and property damage as a result of the emissions from the four petrochemical facilities. The Supreme Court explained that because there were four different defendants, "each class member [would] have to offer different facts to establish that certain defendants' emissions, either individually or in combination, caused them specific damages on yet unspecified dates[.]" Ford, 703 So.2d at 548-549. The Supreme Court further explained that "[i]n addition, each plaintiff [would] have to prove that the specific harm he suffered surpassed the level of inconvenience that is tolerated under La. C.C. art 688." Id. The Court, therefore, held that the action did not present common questions that predominated over individual issues, as required for class certification.
In the present case, the Belle is the sole defendant and owner of the Belle of Orleans, and the plaintiffs herein would not have to offer different facts to support their claims for damages against this tortfeasor. Furthermore, it is undisputed that throughout the period of time, during which the class was solidified, all members of the class were exposed to noise levels emanating from the Belle of Orleans in excess of allowable decibel limits. Therefore, no independent proof is required to show that the specific harm suffered surpassed the level of inconvenience that is tolerated under Civil Code article 667.
Lastly, "the potential individuals issues of whether each member of the class was harmed or inconvenienced on the same dates or sustained the same amount of injury [does] not defeat the class action because on all of the dates in question [the residents of the marina] received similar [noise] from the same source[.]" Ford, 703 So.2d at 548, quoting McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612, 620 (La.1984).
We, therefore, hold that plaintiffs herein have demonstrated that the claims asserted are of common character between the class representatives and the class members as a whole. "When a `common character' of rights exists, a class action is superior to other available adjudicatory methods for the purpose of promoting the basic aims and goals of a procedural device: (1) effectuating substantive law; (2) judicial efficiency; and (3) individual fairness." Lewis, 698 So.2d at 1014 (citing McCastle, 456 So.2d at 616-617). (Emphasis added). Therefore, we find no error by the trial court in certifying the plaintiffs in the instant matter as a class.

DECREE
For the foregoing reasons, the judgment of the trial court certifying the plaintiffs as a class is hereby affirmed.
AFFIRMED.