767 So.2d 135 (2000)
Catina N. ADAMS, Mary M. Allen, Hyllorri Dawn Monique Armant, Lardez Monique Armant and Daphne M. Adams on their own Behalf and on Behalf of all other Persons Similarly Situated
v.
CYTEC INDUSTRIES, INC. and Walk, Haydel & Associates, Inc.
No. 99-CA-2563.
Court of Appeal of Louisiana, Fourth Circuit.
June 14, 2000.
*136 Paul G. Aucoin, Road Vacherie, Louisiana, (Attorney for Plaintiffs/Appellants).
Frank H. Walk, Jr., Walk, Haydel & Associates, Inc., New Orleans, Louisiana, (Attorney for Defendant/Appellee, Walk, Haydel & Associates, Inc.).
Court composed of Judge CHARLES R. JONES, Judge MOON LANDRIEU and Judge PATRICIA RIVET MURRAY.
MURRAY, Judge.
Plaintiffs appeal a judgment granted in favor of defendants, Cytec Industries, Inc., and Walk/Haydel & Associates, Inc., dismissing their lawsuit pursuant to La.Code Civ. Proc. art 561. For the following reasons, we dismiss plaintiffs' appeal.

FACTS AND PROCEDURAL HISTORY:
This case involves a class action filed on behalf of Catina N. Adams, Mary M. Allen, Hyllorri Dawn Monique Armant, Lardez Monigue Armant, and Daphne M. Adams, and others similarly situated. The petition was filed on January 16, 1996, and bears docket no. 96-631, Div. M. Each of the two defendants was served properly. Defendant Cytec Industries, Inc., filed a motion for extension of time on February 12, 1996, and has never answered the suit. Defendant Walk/Haydel & Associates, Inc., filed an answer on May 26, 1996. On June 3, 1999, counsel for Walk/Haydel filed an Ex Parte Motion for Order of Dismissal, with an accompanying affidavit stating that no action in the prosecution or defense of the case had been taken since May 28, 1996. The trial court judge for Division M, Ethel S. Julien, signed the order of dismissal on June 3, 1999. Plaintiffs filed a motion to set aside the order of dismissal on July 16, 1999, and the trial court set the matter for hearing on September 10, 1999. However, on July 30, 1999 plaintiffs filed a petition for appeal, which was granted.

DISCUSSION:
Article 2083 of the Louisiana Code of Civil Procedure provides that appeals may be taken from final judgments rendered after hearing or by default, from interlocutory judgments, that may cause irreparable harm, and from judgments reformed in accordance with a remittitur or additur under Article 1814.
*137 Louisiana Code of Civil Procedure art. 1841 provides that a judgment that determines the merits of an action, in whole or in part, is a final judgment. A judgment that does not determine the merits of a case but merely preliminary matters is an interlocutory judgment. An ex parte judgment dismissing an action pursuant to La.Code Civ. Proc. art. 561 does not determine the merits of the action, and, is therefore, an interlocutory judgment. Picone v. Lyons, 618 So.2d 475 (La.App. 4 Cir.1993), citing Simmons v. Dixon, 306 So.2d 67 (La.App. 1 Cir.1974).
Prior to the 1997 amendment to Article 561, courts routinely held that a party aggrieved by an ex parte dismissal was to petition the trial court to conduct a contradictory hearing as to whether the order of dismissal should be set aside. Then, after a hearing is held, if the trial court's ruling is still adverse to the aggrieved party, it may then appeal the judgment of the rule to show cause. Scarborough v. Duke, 514 So.2d 489, 490 (La.App. 3 Cir.1987); Marchand v. Gene Thorpe Finance, Inc., 225 So.2d 485 (La.App. 4 Cir.), writ refused 254 La. 848, 227 So.2d 592 (La.1969); Simmons v. Dixon, supra at 70. This procedure was codified with the 1997 legislative amendment to Article 561. La. Acts 1997, No. 1221, § 1.
Thus, once an order of dismissal is served, a plaintiff has thirty days within which to move to set aside the dismissal. Once a judgment is rendered after a contradictory hearing, the plaintiff has a final judgment from which it may appeal. In the instant case, plaintiffs did move to have the order of dismissal set aside, albeit untimely, but before a hearing was had on the matter, plaintiffs filed a petition for appeal. As such, plaintiffs have appealed from an interlocutory judgment, which we find is not appealable because there has been no showing made of irreparable harm. Accordingly, we dismiss the appeal.
For the foregoing reasons, this appeal is dismissed, at plaintiffs' costs. The case is remanded for hearing on the timeliness and merits of plaintiffs' motion to set aside the order of dismissal.
APPEAL DISMISSED; REMANDED.