780 So.2d 1158 (2001)
George W. COOPER
v.
CITY OF NEW ORLEANS, et al.
No. 2001-C-0115.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 2001.
Writ Denied May 11, 2001.
*1159 Kenneth C. Fonte, Golden & Fonte, Metairie, LA, Counsel for Plaintiff-Relator.
John S. Keller, and Phillipa L. Bowers, Heard, Linebarger, Graham, Goggan, Blair, Pena & Sampson, L.L.P., and Mavis S. Early, City Attorney, and Richard C. Stanley, Bryan C. Reuter, William M. Ross, Stanley & Flanagan, L.L.C., New Orleans, LA, Counsel for Defendants-Respondents.
Court composed of Judge PLOTKIN, Judge WALTZER, and Judge TOBIAS.
PLOTKIN, Judge.
Relator George W. Cooper seeks this court's supervisory review of a trial court judgment denying his application for class certification in this suit seeking recovery of penalties and collection fees imposed by the City of New Orleans in conjunction with past-due ad valorem taxes. We grant writs, deny the relief requested by Mr. Cooper, and affirm the trial court judgment denying the application for class certification.

Facts
Mr. Cooper is the owner of immovable property located in the City of New Orleans and designated on the City ad valorem tax rolls as BURTHEVILLE SQ 24 LOT 7. Pursuant to law, the City assessed ad valorem taxes on that property. The tax due for the year 1998 was not paid by Mr. Cooper until July 1, 1999, when he paid the tax and interest, as well as three percent penalties and a 30 percent collection fee pursuant City of New Orleans Ordinance No 18637.
On July 30, 1999, Mr. Cooper filed the instant suit, naming as defendants the City and the law firm of Heard, Linebarger, Graham, Goggan, Blair, Pena & Sampson, L.L.P. ("the Heard firm"), which was engaged by the City to send a collection letter to Mr. Cooper. Mr. Cooper alleges in his petition that he paid the amounts under protest, and seeks recovery of penalties and the collection fee, which he characterizes as an unreasonable attorney's fee collected by the Heard firm, as well as general damages. Mr. Cooper's petition contains numerous claims against both the City and the Heard firm relative to the legality of Ordinance No. 18637, as well as the City's right to file suit seeking delinquent taxes, penalties, and the collection fee. Mr. Cooper also seeks various declaratory judgments. Moreover, Mr. Cooper seeks certification for the following three classes of taxpayers:
1. City taxpayers who paid any delinquent ad valorem taxes after March 6, 1998, the date the mayor approved City Ordinance 18637, on behalf of whom he seeks a declaratory judgment;

*1160 2. City taxpayers who paid the 3 percent penalty, on behalf of whom he seeks a refund; and
3. City taxpayers who paid the 30 percent collection fee, on behalf of whom he seeks a refund.
The City and the Heard firm filed exceptions to Mr. Cooper's petition, all of which were denied by the trial court. Thereafter, Mr. Cooper filed a motion to certify the classes. Following an evidentiary hearing on the matter, the trial court denied the motion for class certification, and issued extensive reasons for judgment. Mr. Cooper filed the instant application for supervisory writs.

Requirements for class action certification
La. C.C.P. art. 591 as amended by Acts 1997, No. 839, § 1, provides in pertinent part, as follows:
A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that joinder of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
The above requirements are commonly referred to as numerosity, commonality, typicality, adequate representation, and definability, respectively. Before an action can be classified as a class action, all of those requirements must be fulfilled. See Chamberlain v. Belle of Orleans, 98-1740, p. 4 (La.App. 4 Cir. 4/7/99), 731 So.2d 1033, 1035. The plaintiff seeking to maintain a class action bears the burden of establishing that the statutory criteria are met. Adams v. CSX Railroads, 615 So.2d 476, 480 (La.App. 4 Cir.1993).
When considering a motion to certify a class action, a court is limited to consideration of whether the procedural device is appropriate. Billieson v. City of New Orleans, 98-1232, p. 9 (La.App. 4 Cir. 3/3/99), 729 So.2d 146, 153, writs denied, 99-0946 (La.10/29/99), 749 So.2d 644, 00-0960 (La.10/29/99), 749 So.2d 645. In denying the motion for class certification in the instant case, the trial court found in her reasons for judgment that none of the requirements of La. C.C.P. art. 591(A) had been fulfilled. Because a trial court is given wide latitude to analyze the facts relative to the prerequisites for class certification, its decision must be affirmed by an appellate court in the absence of manifest error. Parry v. Administrators of Tulane Educational fund, 98-2125, p. 3, (La.App. 4 Cir. 6/30/99), 740 So.2d 210, 213, writ denied, 99-2297 (La.11/12/99), 750 So.2d 197.

Numerosity
Concerning numerosity, no set number has been established that automatically makes joinder impracticable; rather the determination is based on the facts and circumstances of each case. Dumas v. Angus Chemical Co., 25,632 (La. App. 2 Cir. 3/30/94), 635 So.2d 446, 450. Although identification of all potential class members is not necessary, the party seeking certification should establish a definable group of aggrieved claimants. Farlough v. Smallwood, 524 So.2d 201, 203 (La.App. 4th Cir.), writ denied, 526 So.2d 810 (La.1988). Conclusory allegations do not carry the plaintiff's burden to establish numerosity. Lewis v. Roemer, 94-0317 (La.App. 4 Cir. 9/29/94), 643 So.2d 819, 822.
Mr. Cooper claims that the evidence presented at the class certification hearing was sufficient to fulfill the numerosity requirement because it showed that more than 100,000 real estate ad valorem tax bills have been directly affected by *1161 enforcement of City Ordinance 18637, that more than 10,000 taxpayers had already paid the penalties at issue in this suit, and that each year the number of tax bills subject to the penalties increases by approximately 18,600. In fact, the trial court acknowledged this evidence in her reasons for judgment. However, the trial court found that only fourteen, readily-identifiable potential class members existed because only fourteen taxpayers had met the payment-under-protest requirements of LSA-R.S. 47:2110. The only argument briefed in Mr. Cooper's application for supervisory writs is his claim that the trial court improperly applied LSA-R.S. 47:2110 to the instant case.
LSA-R.S. 47:2110(A) provides, in pertinent part, as follows:
Any person resisting the payment of the amount of any tax found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax and shall give him and the officer or agency that has given rise to the cause of action notice at the time of payment of his intention to file suit for the recovery of such tax.
Mr. Cooper claims that the above provision does not apply to the instant case for three reasons. First, Mr. Cooper claims that the above provision does not apply to his proposed class action against the Heard firm because none of the provisions of the statute refer to tort claims against a private law firm. Second, Mr. Cooper claims that LSA-R.S. 47:2110 does not apply to his proposed class action against the City because he is not "resisting the payment of the amount of any tax found due," but is only contesting the penalty and collection fee provisions imposed by City Ordinance 18637. He cites the following statement by the trial court found in the reasons for judgment for denying the exception of prescription filed by the City and the Heard firm in support of his argument:

Capital Drilling [Co. v. Graves, 496 So.2d 487 (La.App. 1 Cir.1986)] involved, not a challenge of penalties, but a challenge to the taxes being assessed. In the case at bar, and contrary to the City's assertion, Cooper does not challenge the amount or the lawfulness of the ad valorem taxes being assessed against his property; instead, he challenges the penalties, costs, and attorneys' fees which were assessed as a result of his delinquent payment.
Mr. Cooper notes that neither the City nor the Heard firm sought supervisory writs on the trial court's denial of their exception of prescription, implying that their failure to challenge the above finding somehow forecloses the trial court from finding that LSA-R.S. 47:2110 applies to this case. Third, Mr. Cooper claims that LSA-R.S. 47:2110 does not apply to his proposed class action seeking relief by declaratory judgment because it "provides procedures solely for the recovery of unlawful taxes already paid." Mr. Cooper cites no authority for any of his argument, nor have we been able to find any cases considering whether the requirements of LSA-R.S. 47:2110 applies to a suit challenging penalties and collection fees.
We find no merit in any of Mr. Cooper's arguments on this issue. By its own terms, LSA-R.S. 47:2110(A) applies to "any person resisting the payment of the amount of any tax found due, or the enforcement of any provision of the tax laws in relation thereto." It is uncontested in this case that Mr. Cooper is not "resisting the payment of the amount of any tax found due." However, the statute also applies alternatively to "the enforcement of any provision of the tax laws in relation to" the payment of any tax found due. Thus, the only question before this court is whether City Ordinance 18637 is a "provision of the tax laws in relation to" the payment of any tax found due.
The purpose of City Ordinance 18637 is stated in the preamble as follows:

*1162 AN ORDINANCE to provide for interest and increased penalties on delinquent ad valorem taxes and for the payment of costs and attorneys' fees in connection with the collection of such taxes:
WHEREAS, the City of New Orleans incurs significant delinquencies in the collection of ad valorem tax revenues due to (i) lack of penalties to encourage prompt compliance by the taxpayers with the tax laws and (ii) lack of provision for collection fees, attorneys fees, costs, and expenses; and attorneys' fees and costs to cover the costs of collection; and
WHEREAS, the City will be able to increase revenues from ad valorem taxes through the implementation of interest and penalties and in imposing collection fees, attorney fees, costs and expenses on the taxpayer.
As revealed by the purpose statement above, City Ordinance 18637 clearly qualifies as a "provision of the tax laws in relation to" the payment of any tax found due. Accordingly, we find that any person wishing to challenge City Ordinance 18637 must comply with the provisions of LSA-R.S. 47:2110. The parties to this case apparently stipulated that only fourteen of the potential members of any of the three classes delineated by Mr. Cooper complied with the provisions of LSA-R.S. 47:2110. The existence of fourteen peoples who have been clearly identified because they were required to pay their taxes under protest is insufficient to meet the "numerosity" requirement necessary for certification of a class action. Not only is joinder of that number of plaintiffs not impracticable, but all of the potential class members have already filed their own suits as required by the payment-under-protest process established by LSA-R.S. 47:2110. Accordingly, we find no manifest error in the trial court's finding that the numerosity requirement is not fulfilled in this case.

Conclusion
For the reasons stated above, the trial court judgment denying Mr. Cooper's motion for class certification is affirmed.
WRIT GRANTED; RELIEF DENIED; TRIAL COURT JUDGMENT AFFIRMED.
TOBIAS, J., concurs.
TOBIAS, J., concurring.
I respectfully concur in the result which denies relator relief.
Relator fails to follow Rules 4-2 and 4-5 of the Uniform Rules of the Courts of Appeal in the following respects:
(1) The record before us discloses no notice of intention to apply for writs although relator asserts that same was given on 4 January 2001:
(2) No prayer for relief appears in relator's application.
The denial of class certification is an appealable judgment because it determines the merits of the case.[1] La.C.C.P. art. 2083; Adams v. Cytec Industries, Inc., 99-2563 (La.App. 4 Cir. 6/14/00), 767 So.2d 135. Appellate courts generally do not exercise supervisory jurisdiction unless the trial court's ruling will cause irreparable injury or an ordinary appeal does not afford an adequate remedy. See, Guidry v. Shelter Ins. Co., 535 So.2d 393, 395 (La. App. 3 Cir. 1988). I would therefore deny the review of the trial court judgment by supervisory writ.
NOTES
[1] Even assuming the denial of class certification is interlocutory in nature, it causes irreparable harm and is thus appealable under La. C.C.P. art., 2083.