KUHN, J.
| ¡¿Plaintiff-appellant, Carlene Kinchen, appeals the trial court’s judgment, sustaining a peremptory exception raising the objection of no cause of action filed by defendants, the Livingston Parish Council (the Council); Michael Grimmer, as Parish President for Livingston Parish (the Parish); and Tracie Eisworth, as Director of Finance for the Parish, against the taxpayer’s- petition, which seeks class certification, damages, a refund, pre-judgment interest, expenses, court costs, attorney fees, and declaratory relief pronouncing the document transaction tax enacted by the Council is unconstitutional. We affirm, attaching as Appendix “A,” the perspicacious *897 Judge Robert H. Morrison’s written reasons for judgment.
According to the allegations of her petition, on December 12, 2004, Kinchen paid $300.00 as a documentary transaction tax to the Parish. She subsequently filed this lawsuit on April 29, 2005, challenging the validity of Livingston Parish Ordinance 04-28, which enacted the tax.[1] That ordinance, whose enforcement it is undisputed was subsequently discontinued, provided in relevant part:
(a) Levy, when due, collection.
Except as otherwise noted herein, a tax is hereby levied on the execution by the parties to any instrument, act, writing, or document, transferring or conveying immovable property located in the parish.
(b) The tax shall not be due and collectible unless and until the instrument, act, writing, or document shall have been recorded pin the public records of the recorder of conveyances and/or the recorder of mortgages. The tax shall be paid by the buyer or transferee of immovable property in the case of an act of cash sale, donation or other transfer of immovable property and the tax shall be collected and remitted to the entity or person designated by the parish council by each such person or his designee. Such buyer or transferee shall be designated the taxpayer. The taxpayer may delegate the function of remitting and paying the tax to the notary public or the attorney handling the transaction; however, the taxpayer shall remain liable for the tax to the parish through the department of finance as hereinafter set forth.
(c) Penalties for delinquency.
If any tax due under this article is not remitted within the time prescribed herein, it shall be delinquent; and the taxpayer, in addition to being liable for the tax due plus interest, shall be subject to a penalty of 20 percent of the amount of the tax plus interest at the rate of ten per cent per annum, or $500.00, whichever is greater, and ten percent of the attorney’s fees on the tax, interest, and penalty die in all cases wherein an attorney is required to assist in the collection; provided, however, that the penalties and interest imposed herein shall be waived if' payment of the tax is received within 45 days of the date of the first notice of delinquency from the entity or person designated by the Parish Council.
(d) Limitations.
The levy, payment or failure to pay the tax required by this article shall not affect, nor be construed as impairing or affecting any rights or obligations created or governed by the civil laws of persons, property and obligations, and in no instance shall any immovable property involved in any transaction be construed to be subject to any lien or encumbrance by virtue of the failure to pay the tax, nor shall this article affect or alter or be construed by any person as affecting or altering the duties and powers of any constitutional parochial officer.
(e) Exemptions.
*898 The following [enumerated] instruments, acts, writing or documents shall be exempt from the provisions of this article and the tax imposed .... [The ordinance specifies 32 exemptions.]
|4(f) Administration and enforcement.
(1) The Director of Finance for Livingston Parish may from time to time inspect the registry of public record to ensure compliance with this article. The Parish Council shall promulgate rules and regulations for the enforcement and administration of this article within 30 days from the effective date of the ordinance from which this article was derived and may require persons to appear and testify and to produce documents for its inspection under oath.
(2) The parish council is hereby authorized to engage the services of another public official to effect the collection of the tax levied by this chapter in whole or in part, compensation to be negotiated.
(g) Imposition and collection.
The tax shall be due and collected upon each transaction involving the recordation of an instrument, act, writing, or document covered by this article as follows:
(1) For all sales, mortgages, sales, and resales through a financial institution or sales and mortgages deemed to be a single transaction involving only one “single family residence or residential double” the sum of $300.00, it being understood that the term single family residence includes a single unit in residential condominiums and single residential townhouses but does not include timeshares condominiums or townhouses....
(2) For all other transactions, the sum of $300.00 for each instrument, act writing or document
(3) The taxpayer may delegate the function of remitting and paying the tax to the notary public or the attorney handling the transaction; however, the taxpayer shall remain liable for the tax to the parish through the department or finance as hereinafter act forth.
(4) For all sales of time-share condominium units, whether characterized as sales of an interest in fee simple or right of use, by the developer of the time-share condominium the sum of $300.00 for the sale or transfer of each 1/52 share of each time-share | .^condominium unit, which sum shall be due upon the sale or transfer of each time-share condominium unit; provided, however, any group of instruments deemed to be a single transaction shall be taxed as a single instrument, writing or document. For any subsequent sales or transfers of fractional time-shares or interval of a condominium unit by a seller other than the time-share developer, the sum of $300.00 for each sale or transfer.
(h) Remittance.
The taxpayer shall, immediately upon filing for record of the instrument, act, writing, or document, in either of the public records offices, remit and pay the tax directly or through the notary public or attorney handling the transaction to the entity or person designated by the Parish Council.
If any provision of this ordinance shall be held to be invalid, such invalidity shall not affect other provisions herein, which can be given effect without the invalid provision, and to this end the *899 provisions of this ordinance are hereby declared to be severable.
The objection that a petition fails to state a cause of action is properly raised by the peremptory exception. La. C.C.P. art. 927A(4). A trial court’s judgment sustaining the peremptory exception of no cause of action is subject to de novo review by an appellate court, employing the same principles applicable to the trial court’s determination of the exception. Stroscher v. Stroscher, 01-2769, p. 3 (La.App. 1st Cir.2/14/03), 845 So.2d 518, 523.
|fiThe trial court correctly applied La. R.S. 47:2110[2] to conclude that Kinchen was afforded a procedure to test the validity of the Document Transaction Tax and that she did not timely avail herself of that remedy. Thus, because her petition fails to allege conformity with the procedure set forth in La. R.S. 47:2110, it fails to state a cause of action and the trial court correctly sustained defendants’ exception.[3] Accordingly, for the reasons set forth by the trial court, we affirm the dismissal of Kinchen’s petition. Appeal costs are assessed to Carlene Kinchen.
AFFIRMED.
WELCH, J., dissents with reasons.
Appendix “A”
CARLENE T. KINCHEN VERSUS
THE LIVINGSTON PARISH COUNCIL, ETAL
NUMBER 107,860, DIVISION “C”
21ST JUDICIAL DISTRICT COURT
PARISH OF LIVINGSTON
*900 STATE OF LOUISIANA
FILED:_
DY. CLERK:_

REASONS FOR JUDGMENT

This is a suit for class action certification, to declare a “Documentary Transaction Tax” enacted by the Livingston Parish Council unconstitutional, and to recover amounts paid by citizens for this tax. Defendants have filed exceptions of no cause of action and/or prescription/pre-emption.
The tax in question generally required the payment of $300.00 for each deed recorded in the Parish. The ordinance was somewhat non-specific as to the designated collector of the fee, but did provide that a person would be designated to receive payment on behalf of the Parish. At some point, the ability of the Parish to collect this tax without some Legislative approval came into question and the Parish suspended collections of the tax. It was conceded that the named plaintiff had not paid this tax under protest nor given notice of any intention to legally challenge the tax at the time of payment. The exceptions presently before the Court are rooted in that failure.
R.S. 47:2110 holds generally that a person who wishes to challenge a tax must pay the tax to the collecting agency, notifying the agency that the payment is made under protest, and that a legal challenge to the tax or assessment will be filed. In this event, the party has 30 days to file the suit to challenge the tax or assessment. The collecting agency is to segregate the funds from the protested payment during the duration of any litigation.
Plaintiff argues that this statute is inapplicable to this case, because it deals only with ad valorem taxes. The first section of R.S. 47:2110, does prevent the use of injunctive relief against the collection of ad valorem taxes. However, the remainder of the statute, and particularly paragraph A.(3) setting up the above procedure is not specific to ad valorem taxes, and has been jurisprudentially applied to other types of taxes and fees, or “... any illegal tax paid...” as stated in Louisiana Employer-Managed Insurance Co. vs. Litchfield, 2001-0123 (La.App. 1st Cir.12/28/01), 805 So.2d 386.
Plaintiff further argues that the method of enactment and collection of the transaction tax | ¿violates due process under the holding in McKesson vs. Division of Alcoholic Beverages & Tobacco, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990). However, under the provisions set forth in R.S. 47:2110, a remedy was afforded persons similarly situated to Plaintiff to test the validity of this tax. The general process of the payment under protest procedure contained in R.S. 47:2110, has been found to meet due process requirements in the post-McKesson decision in Church Point Wholesale Beverage Co. vs. Tarver, 92-CA-2658, (La.2/22/93), 614 So.2d 697. Further, the McKesson court itself opined that a scheme of payment under protest with short delays in which to challenge a tax complied with due process. Therefore, this Court finds that Plaintiff had the ability to pay the tax under protest and give notice of filing of a legal challenge and that the Court is not precluded from ruling on the exceptions filed by Defendant on this basis.
Plaintiff further contends that the exceptions presently filed have a practical effect of bifurcating this proceeding as to a recovery stage and a determination of whether the transaction tax is a legal tax, and contends that these issues are too intertwined to treat separately. No authority is cited for this position, and, with respect to this present lawsuit, the Court *901 cannot defer a ruling on these issues pending a trial on the constitutionality of the ordinance.
In Cooper vs. City of New Orleans, 2001-0115 (La.App. 4 Cir. 2/14/01), 780 So.2d 1158, a class action petition challenging enforcement of a city ordinance providing the collection of penalties and attorneys fees for the collection of past due ad valorem taxes was rejected. The reason for the rejection was lack of numerosity of persons similarly situated. Although some 10,000 persons had paid the penalties, only 14 had paid under protest.
Plaintiff argues that Cooper is inapplicable to the present case in that the Livingston Parish ordinance did not designate a specific place of payment or means of protest. However, Cooper utilized that basic provisions of R.S. 47:2110, not any specifics in the ordinance. This case also involved collection of a penalty and attorney’s fees, not any ad valorem tax itself, and the court decided the issues under R.S. 47:2110, stating:
By its own terms, R.S. 47:2110(A) applies to “any person resisting the payment of the amount of any tax found due, or the enforcement of any provision of the tax laws in relation thereto.”
While it might seem to be somewhat unfair to impose these procedures and time limitations upon a taxpayer who might not expect the levy to be potentially unconstitutional, this is counterbalanced by the needs of government to “engage in sound fiscal planning”, at noted in 19Church Point, and as further enunciated in Kean’s Partnership vs. Parish of East Baton Rouge, 96-0751 (La.l1/25/96), 685 So.2d 1043, wherein the Supreme Court stated:
If we were to decide that judicial review is available to the taxpayer regardless of the existence of a question of fact or law, the payment under protest requirements in local ordinances would be rendered meaningless and the local governing authorities would be subject to claims for refunds without having segregated the funds therefor.
Consequently, this Court determines that, in order to maintain this action as presented, Plaintiff would have to allege that the tax she paid was paid under protest, with notice given to the Parish of her intention to challenge the tax, in order to state a cause of action, and that the action itself would have to be brought within thirty days of such payment. Her petition alleges that she paid this tax on or about December 12, 2004, and this suit was not filed until April 29, 2005. Consequently, the claims urged have likewise prescribed.
Livingston,Louisiana, this 14th day of September, 2005.
/s/ Robert H. Morrison, III Judge, Division “C” Robert H. Morrison, III
Please send copies and notice to: Robert H. Harrison, Jr. D. Blayne Honeycutt

. The gist of Kinchen’s assertion of the unconstitutionality of the documentary transaction tax is that the Parish, which operates under a home rule charter, see La. Const. Art. VI, § 5, is limited in its power of taxation to that which is granted by the legislature or the constitution. See La. Const. Art. VI, § 30. Urging that there is no constitutional or legislative grant of authority permitting the Parish to impose the documentary transaction tax, Kinchen maintains it is an invalid tax.

. Although La. R.S. 47:2110 has subsequently been modified by the legislature by La. Acts 2004, No. 461, § 3, effective July 1, 2006, by its express terms, that amendment does not apply to the tax in this case which was imposed in December 2004. Thus, La. R.S. 47:2110 A(3), as applicable to this case, provides in relevant part:
(3)(a) Any other taxpayer which is not a public service property taxpayer resisting the payment of any amount of tax due shall pay the amount due to the officer designated by law for the collection of such tax and shall give him written notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If a suit is timely filed seeking the recovery of the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit. That portion of the taxes paid by the taxpayer to the officer which is not in dispute shall not be made subject to the protest.
(b) If the taxpayer which is not a public service property taxpayer prevails, the officer shall refund the amount to the taxpayer with interest at the actual rate earned on the money paid under protest in the escrow account during the period from the date such funds were received by the officer to the date of such refund. If the taxpayer does not prevail, the taxpayer shall be liable for the additional taxes together with interest at the rate set forth above during the period from the date the notice of intention to file suit for recovery of taxes was given to the officer until the date such taxes are paid.

. In dismissing Kinchen’s lawsuit, the trial court also granted an exception raising the objection of prescription filed by defendants. Because we have found no error in the grant of the exception of no cause of action, it is unnecessary to reach the issue of whether the petition is also prescribed, and-we pretermit such a discussion.