HOLDRIDGE, J.
In this expropriation proceeding, R.G. Claitor's Realty (Claitor's) appeals a judgment denying its motion to set aside the dismissal of its demand for additional compensation against The City of Baton Rouge and Parish of East Baton Rouge (City/Parish). We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On October 29, 2009, the City/Parish filed a lawsuit against Claitor's seeking to expropriate a parcel of property owned by Claitor's in East Baton Rouge Parish. The City/Parish deposited the sum of $247,625.00 as just compensation for the property into the registry of the court. An order of expropriation was entered on November 3, 2009, entitling Claitor's to withdraw $247,625.00 from the registry of the court subject to certain conditions. On December 18, 2009, Claitor's filed an answer to the petition in which it alleged that the amount paid into the registry of the court by the City/Parish did not represent just compensation for the full extent of its loss as the result of the expropriation.
On January 6, 2010, Claitor's filed a petition to withdraw funds in the registry of the court. On that day, the trial court issued an order requiring the City/Parish to pay Claitor's $247,625.00 without prejudice to either parties' rights to contest and litigate the issue of just compensation. On January 26, 2010, Claitor's filed a partial release authorizing the Baton Rouge Parish Clerk of Court to cancel any mortgages on the subject property. On January 29, 2010, a mortgage certificate was filed into the record in the proceedings.
On August 1, 2016, the City/Parish filed a motion for dismissal for abandonment under La. R.S. 48:452.1. Louisiana Revised Statute 48:452.1 provides for a specific period of abandonment of an additional compensation claim in an expropriation proceeding. It states: "An owner's claim for an increase in the compensation is perfected when he timely files his answer...and is thereafter abandoned when he fails to take any step in the prosecution of that claim for a period of three years." In support of its motion, the City/Parish presented an affidavit of its attorney who *353 attested that to his knowledge and belief, no step had been timely taken in the prosecution of the claim for an increase in compensation for a period of three years after the answer had been filed.
On August 4, 2016, the trial court entered a final judgment fixing just compensation in the amount deposited in the registry of the court, awarding that sum to Claitor's as just compensation, and dismissing, with prejudice, any claim for any increase in compensation. Claitor's filed a motion to set aside the dismissal on September 22, 2016, asserting that its attorney, Daniel Claitor, is an elected member of the Louisiana Senate and that his participation in legislative sessions suspended the accumulation of time for the purposes of abandonment of its claim for additional compensation pursuant to La. R.S. 13:4163. Louisiana Revised Statute 13:4163 sets forth the procedural requirements for invoking a peremptory legislative continuance or extension of various proceedings, including civil cases. Claitor's submitted that it propounded discovery to the City/Parish on November 6, 2012, and since that time, there had been a total of 336 days during which the legislative sessions were convened, in all of which Senator Claitor participated. According to Claitor's calculations, its demand for additional compensation would not be abandoned until three years had passed from its November 6, 2012 discovery request, plus the 336 days in which time was suspended under La. R.S. 13:4163 for the days Senator Claitor was in legislative session. Under Claitor's calculation, the matter would not be deemed abandoned until October 7, 2016. Therefore, Claitor's urged, the City/Parish's motion for a dismissal for abandonment, filed prior to that date on August 1, 2016, was premature. Claitor's supplemented its motion to set aside the dismissal with a judgment of another division of the 19th Judicial District Court dated December 12, 2016. In that case, a different trial judge granted the motion of the Claitor Children to set aside a judgment of dismissal on the basis of abandonment rendered in favor of the City/Parish upon finding that La. R.S. 13:4163 applied to the running of time for purposes of abandonment and that the matter had not been abandonment at the time of the court's signing of the judgment of abandonment.[1]
On January 31, 2017, the trial court entered a "partial final judgment" denying Claitor's motion to set aside the dismissal of its claim and certifying the judgment as a final judgment. Claitor's appealed the January 31, 2017 judgment, asserting that the accrual of time for abandonment pursuant to La. R.S. 48:452.1 was suspended during the state's legislative sessions, in which its attorney participated, pursuant to La. R.S. 13:4163.[2]
DISCUSSION
The version of Louisiana Revised Statute 13:4163 in effect at the time this matter was pending provided, in pertinent part:
A. (1) A member of the legislature...shall have peremptory *354 grounds for continuance or extension of a criminal case, civil case, or administrative proceeding as provided below. The continuance or extension shall be sought by written motion specifically alleging these grounds.
* * *
B. The peremptory grounds for continuance or extension is available to and for the benefit of a member or legislative employee and may only be asserted or waived by a member or employee.
C. (1) Such peremptory grounds are available for the continuance of any type of proceeding and the extension of any type of deadline pertaining to a criminal case, civil case, or administrative proceeding, if the presence, participation, or involvement of a member or employee is required in any capacity, including any pretrial or post-trial legal proceeding, during:
(a) Any time between fifteen days prior to the original call to order and fifteen days following the adjournment sine die of any session of the legislature.
(b) Any time between fifteen days prior to convening and fifteen days following adjournment sine die of any constitutional convention.
(c) Any time other than those provided in Subparagraph (a) or (b) of this Paragraph when such person is engaged in activities, including travel, in connection with or ordered by: (i) the legislature; (ii) any legislative committee or subcommittee appointed by the president of the Senate or the speaker of the House of Representatives; (iii) any committee or commission appointed by the governor or other person authorized to make such appointments; or (iv) any constitutional convention or commission.
(2) Such peremptory grounds are available to any member or employee enrolled as counsel of record when his participation is required. The availability of other counsel to assume the duties or responsibilities of counsel invoking the continuance or extension does not negate the peremptory nature of his motion.
D. A motion for legislative continuance or extension filed by a legislative employee shall be accompanied by an affidavit, verifying such employment or service, executed by the presiding officer or the clerk or secretary of the respective house.
E. (1)(a) If the grounds for a legislative continuance or extension are founded upon the convening of a regular legislative session or a constitutional convention, the motion for legislative continuance or extension shall be timely if filed no later than five calendar days prior to the hearing or proceeding to be continued.
(b) If the grounds for a legislative continuance or extension are founded upon any provision of Subparagraph (C)(1)(c) of this Section or upon the issuance of a call for an extraordinary session of the legislature, the motion for legislative continuance or extension shall be timely if filed no later than five calendar days prior to the hearing or proceeding to be continued or no later than two days following the
issuance of the notice of the meeting or of the call for the extraordinary legislative session, which ever occurs last. An affidavit of the clerk of the House of Representatives or the secretary of the Senate verifying the issuance and date of the issuance of the notice or of the call shall be attached to the motion.
(2) Within seventy-two hours of the filing of a motion for a legislative continuance or extension, the court or agency *355 shall grant the continuance or extension ex parte as follows:
(a) If the grounds for the motion are pursuant to Subparagraph (C)(1)(a) or (b) of this Section, the continuance or extension shall be granted for a period of not less than sixty days from the date of adjournment sine die of the session of the legislature or of the constitutional convention.
(b) If the grounds for the motion are pursuant to Subparagraph (C)(1)(c) of this Section, the continuance or extension shall be granted for the day or days the member or employee is engaged in such activities.
* * *
G. Any action taken against a person, including any sanction imposed on an attorney, who has filed a motion for legislative continuance or extension and which results from the failure of such person or attorney to appear or comply with an order of the court or agency or any deadline shall be considered an absolute nullity and shall be set aside by the court or agency upon the filing of a motion by the aggrieved person or attorney.
* * *
I. For sufficient cause shown, the court may consider a motion for legislative continuance or extension at any time prior to the hearing or proceeding.[3]
Louisiana Revised Statute 48:452.1 provides that a claim for additional compensation is abandoned when the owner fails to take any step in the prosecution of that claim for a period of three years. The provision shall be operative without formal order, but on the ex parte motion of the state entity, the trial court "shall render judgment fixing just compensation in the amount deposited in the registry of the court and awarding that sum to the defendant and dismissing with prejudice any claim for any increase in compensation." Louisiana Revised Statute 48:454 sets forth that except as provided in this part, these suits are tried in accordance with the provisions of the Code of Civil Procedure and general expropriation laws.
The parties agree that the last step in the prosecution of Claitor's demand for additional compensation occurred on November 6, 2012, when Claitor's propounded discovery to the City/Parish. Pursuant to La. R.S. 48:452.1, Claitor's claim for an increase in compensation was deemed abandoned November 6, 2015, three years after the last step in the prosecution of Claitor's additional compensation claim.
Claitor's argues that as an elected member of the Louisiana Senate, Senator Claitor's duties as a senator constituted peremptory cause for extension of time under La. R.S. 13:4163. According to Claitor's, La. R.S. 13:4163 applies to the accrual of time toward abandonment in matters, such as this one, in which he is enrolled. Claitor's posits that the abandonment period for its additional compensation claim was necessarily extended by the number of days that Senator Claitor was in legislative session (336 days since 2009). Therefore, Claitor's argues, its claim should not have been considered abandoned when the *356 City/Parish prematurely filed its motion for dismissal on the basis of abandonment.
The City/Parish objects to this court's consideration of any facts regarding Senator Claitor's service in the legislature and the length of the various legislative sessions as there was no evidence submitted at the hearing on Claitor's motion to set aside the dismissal by way of testimony or documents. We agree that Claitor's argument includes facts that are not in evidence, and therefore, Claitor's argument lacks proper evidentiary support. Claitor's offered no testimonial or documentary evidence to support its claim that it is entitled to a 336-day suspension or interruption of the abandonment period on its additional compensation claim for those days on which legislative sessions were convened and in which Senator Claitor allegedly participated.
Even if we were to take judicial notice of the legislative sessions relied on by Claitor's, La. R.S. 13:4163(A) provides that the legislative continuance or extension "shall be sought by written motion specifically alleging" the grounds for the continuance.[4] (Emphasis added) Moreover, Subsection E sets forth time limitations for the filing of the motion for a legislative continuance or extension. There is no evidence that Senator Claitor filed a written motion seeking to invoke the legislative continuance prior to the expiration of the three-year abandonment period set forth in La. R.S. 48:452.1. While the relied upon statute provides a peremptory ground for a continuance if a party or his attorney is a member of the legislature and the presence, participation, or involvement of the legislator is required in any capacity, the statute does not automatically suspend the tolling of the abandonment period as Claitor's suggests.[5] Instead, it very clearly sets forth the procedural requirements for asserting the peremptory legislative continuance, none of which were followed in this case.
The last step in the prosecution of Claitor's additional compensation claim was taken on November 6, 2012. Claitor's failed to demonstrate that the three-year abandonment period was interrupted or suspended. Therefore, Claitor's claim for additional compensation was abandoned by the operation of law on November 6, 2015. Accordingly, the trial court correctly entered judgment denying Claitor's motion to set aside the dismissal of its additional compensation claim.
CONCLUSION
For the foregoing reasons, the judgment appealed is affirmed. All costs of this appeal *357 are assessed to appellant, R.G. Claitor's Realty.
AFFIRMED.

The City/Parish sought supervisory review of the ruling with this court. This court did not consider the writ application as it was untimely filed. City of Baton Rouge/East Baton Rouge Parish v. Claitor Children, LLC , 2017-0917 (La. App. 1 Cir. 11/21/2017), 2017 WL 5614916.

Although the trial court designated the judgment denying Claitor's motion to set aside the dismissal as a "partial final judgment," the judgment rendered after a contradictory hearing on the motion to set aside the dismissal was a final, appealable judgment. See La. C.C.P. art. 561 ; Adams v. Cytec Industries, Inc. , 99-2563 (La. App. 4 Cir. 6/14/2000), 767 So.2d 135, 137.

In 2017, by virtue of La. Acts No. 363, effective June 23, 2017, the Legislature amended La. R.S. 13:4163(E)(1)(b) to delete the requirement that an affidavit be attached to the motion. Act 363 also changed the word "may" to "shall" in Paragraph I and further added a second subsection to Paragraph I to set forth that the motion for a legislative continuance may be filed by electronic means such as facsimile transmission or electronic mail, or any other means authorized by law, provided that the mover shall provide all opposing counsel or parties with a copy of the motion, simultaneously with the transmission of the motion to the court. La. R.S. 13:4163(I)(2).

The statute provides for a continuance for any member of the legislator whose presence, participation, or involvement is required in any capacity. It is questionable whether La. R.S. 13:4163 even applies to issues of abandonment or prescription. However, we do not need to address this issue given the requirements of the statute were not followed in this case.

In Clark v. State Farm Mutual Automobile Insurance Company, 2000-3010 (La. 5/15/01), 785 So.2d 779, 787, our supreme court explained that abandonment is a prescription-based concept. The court stated that abandonment is historically and theoretically a form of liberative prescription and has been construed as subject to prescription-based exceptions. There are only two categories of causes outside the record that can prevent the accrual of the three-year period: (1) a plaintiff-oriented exception based on contra non valentam, that applies when the failure to prosecute is cause by circumstances beyond the plaintiff's control, and (2) a defense-oriented exception based on acknowledgement, that applies when the defendant waives his right to assert abandonment by taking actions inconsistent with an intent to treat the case as abandoned. Clark, 785 So.2d at 784-785. Neither of these exceptions are applicable in this case.